(164 App. Div. 104)

LUEDEKE v. NEW YORK CENT. & H. R. R. CO.   (No. 422–109.)

(Supreme Court, Appellate Division, Fourth Department.   October 22, 1914.)

1. MASTER AND SERVANT (§ 286*)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an action for the death of a railroad engineer, due to the starting by a trespasser, or maliciously by some employé, of an engine which had been run out of the roundhouse and left standing unguarded, requiring only the opening of the throttle to move it, where there was evidence of previous similar occurrences to the knowledge of the company's officials, and that there was a tendency among boys and tramps to congregate about engines so left, and that their custom of so congregating had been reported to the company's officials, it was a question for the jury whether an ordinarily prudent person would have guarded against the danger by carefully guarding the engine, or by using a derailing device, since, while primarily the railroad company would not be responsible for an act caused by a trespasser or caused maliciously by an employé, if common prudence should have suggested the danger, the means to obviate it being so apparent and simple, the failure to employ such means would be negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. APPEAL AND ERROR (§ 1004*)—REVIEW—QUESTIONS OF FACT—EXCESSIVENESS OF VERDICT.

The jury is the primary tribunal to assess the quantity of damages, and, except in cases of clear abuse of that duty, courts should be reluctant to interfere, especially where the trial court has made a reduction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

Appeal from Trial Term, Erie County.

Action by Rose Luedeke, as administratrix of Fred Luedeke, deceased, against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Alfred L. Becker, of Buffalo, for appellant.

Hamilton Ward, of Buffalo, for respondent.

LAMBERT, J.   The action is negligence. The jury has assessed the damages at $25,000, and that amount has been reduced by the trial court to $18,000. The appeal is from the judgment, and also from the order denying a new trial. The new trial was sought upon the usual grounds, and also upon alleged prejudicial conduct of plaintiff's counsel.

June 17, 1913, several of defendant's locomotives, with fires banked and steam up ready for use, were run out of its roundhouse and upon various short tracks, all leading to one service track, and thence out to the regular work tracks. These engines were in all particulars ready to use, and only the opening of the throttles was required to move them. In some manner one of them was started. Without any one in charge of it, it ran out onto the service track, and thence

out onto the general traffic track, colliding with a locomotive then being operated by plaintiff's intestate, causing his death. There is no issue of contributory negligence urged upon this appeal. It is argued, however, that there is an entire failure of proof as to defendant's negligence.

[1] The trial court charged the jury that it might find one of two causes for the starting of this locomotive—i. e., first, the act of a trespasser upon the railroad properties; and, second, the malicious act of an employé of defendant. The court further charged the jury that it was not at liberty to find any other agency to be the cause of the moving of this engine. We may follow the trial court in such conclusion, as there is not sufficient evidence to justify a verdict upon any other theory, and we may therefore assume that the jury found one of those two producing causes for the starting of the engine.

Again, our inquiry is limited by the charge of the court that the same measure of care was required on the part of defendant with reference to both of these two alleged causes. In other words, the conduct of the defendant and its failure to safeguard against this accident are to be measured by precisely the same standard, whether the engine was started by a trespasser or maliciously by an employé. In this last particular, the charge was specifically acquiesced in by the appellant. The inquiry, then, narrows to whether the defendant should have anticipated and provided against the starting of this locomotive by a trespasser or maliciously by an employé. It must be conceded that primarily the defendant would not be responsible for either of such producing causes, and that primarily the leaving of the engine unguarded in any degree would not be the proximate cause of this accident. Mars v. Delaware, etc., Co., 54 Hun, 625, 8 N. Y. Supp. 107.

But it is equally certain that, if common prudence should have suggested the danger of this accident, then, the means to obviate it being so apparent and simple, the plaintiff has sustained the charge of negligence. If the caution of an ordinarily prudent person would not have suggested the danger of this accident occurring, then the charge of negligence has not been sustained, and the judgment must be reversed.

In this connection, the evidence discloses other occasions when engines similarly located were started. While such occasions are not numerous, yet practically every witness interrogated along that line admits knowing of such occurrences. Knowledge of such other accidents is also shown on the part of defendant's officials, and the evidence appears to justify the conclusion that such officials were acquainted with not only the possibility of such accidents, but with their actual occurrence.

The consequences attendant upon the starting of an engine on such an uncontrolled run are so serious and so obvious that their mere suggestion should not fail to bring to the prudent mind the necessity of providing against them by all reasonable means, and thus the degree of care and foresight to be exercised is proportionately increased.

Further, the evidence discloses the tendency of boys and tramps to congregate about these engines. From time to time the employés of

the defendant drove boys and tramps away, and reported their presence and their custom of there congregating to the officials of the defendant. In this same connection it is well known that the complicated mechanism of the modern locomotive has proven of extreme interest to both youths and adults. To such an extent is this so that the operation of the locomotive and the life of the engineer have been availed of in the most thrilling narrations of both fact and fiction. That this customary collection of these engines in a place of easy access to the public had proven of special attraction to boys is well established, and defendant's obligation to provide against these machines becoming engines of destruction was thereby enhanced.

It appearing, therefore, that the opportunity was presented for outside interference, and the consequences of such being so apparent and so serious, and past experience having demonstrated the tendency of trespassers to interfere with such engines, we are not at liberty to say that the defendant had fully performed its duty upon this occasion in the safeguarding of their employés not in a situation to protect themselves.

Unquestionably, therefore, a question of fact in this connection was presented for the consideration of the jury, and we cannot say that their determination is without foundation in the testimony. The means of obviating the danger, either by more careful guarding of the engine or by use of the derailing device, are both reasonable, and the latter in particular seems to be in somewhat general use.

[2] Complaint is made of the excessiveness of the verdict, even as reduced. The jury is the primary tribunal to assess the quantity of damages, and except in cases of clear abuse of that duty courts should be reluctant to interfere. The trial court has, in the exercise of well-established powers, already reduced the verdict once, and we do not feel justified in interfering with it further here.

The other errors urged we have examined, and find nothing therein justifying a reversal.

The judgment and order appealed from should be affirmed, with costs. All concur.