ELIZABETH MALONEY, as Executrix of EMILY B. BELL, Deceased, Respondent, v. MAX KAPLAN et al., Defendants, and 80TH STREET LIFE POULTRY MARKET, INC., Appellant.

Negligence — motor vehicles — duty of driver leaving motor vehicle unattended in street — decedent killed by runaway motor truck left standing unattended on incline in a street — erroneous refusal of trial court to charge that if the driver of truck had left it " with switch turned off, emergency brake set and front wheels turned in toward the curb and while he was in the market some boys started the truck " the defendant cannot be liable for decedent's death.

1. The duty of the driver of a motor vehicle, when he leaves it unattended in the street, is to be careful to have it so secured that it will not start up except by the intervention of some external cause not to be anticipated or guarded against.

. 2. If one is negligent in leaving a motor vehicle improperly secured; if as a result thereof and in immediate sequence therewith some other event occur, which would not have occurred except for such negligence, and if injury follows, such a one is responsible, even though the negligent act comes first in order of time.

3. Plaintiff's testator was killed by a runaway delivery truck owned by defendant and engaged in its business at the time of the accident.

The truck was left unattended at the curb on an incline in a street and started down the grade and crushed him. After the trial justice had submitted to the jury in general terms the question of negligence — whether defendant's driver was reasonably careful under the circumstances — without giving any standard of care for the guidance of the jury — the defendant asked for an instruction that " if the chauffeur left his truck with the switch turned off, the emergency brake set and the front wheels turned in toward the curb and went into the market and while he was in the market some boys started the truck, then (the defendant) cannot be held liable for the death of plaintiff's intestate." The court refused to charge except as already charged, to which ruling defendant duly excepted. This request was proper under the circumstances. Defendant was not negligent if the truck was left as ordinarily careful drivers, exercising proper foresight, leave their vehicles in the street under ordinary circumstances, and this error was substantial; the defendant was entitled to a specific instruction as to proper care. (*Donnelly* v. *Piercy Contracting Co.*, 222 N. Y. 210, followed.)

*Maloney* v. *Kaplan*, 198 App. Div. 928, reversed.

(Argued May 9, 1922; decided May 31, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1921, affirming a judgment in favor of plaintiff entered upon a verdict.

*Theodore H. Lord, Thomas E. Brownlee* and *Irving G. Schafer* for appellant. The sole proximate cause of the accident was the deliberate acts of third persons over whom the defendant had no control and the judgment against it has no foundation in law. (*Lazarowitz* v. *Levy*, 194 App. Div. 400; *Frashella* v. *Taylor*, 157 N. Y. Supp. 881; *Berman* v. *Schultz*, 40 Misc. Rep. 212; *Sorrusco* v. *Hobson*, 155 N. Y. Supp. 364; *Keever* v. *Central Brewing Co.*, 150 N. Y. Supp. 986; *Lee* v. *Van Buren & N. Y. Bill Posting Co.*, 190 App. Div. 742; *Cunningham* v. *Castle*, 127 App. Div. 580; S. & R. on Neg. § 26; Whart. on Neg. § 134; *Hofnagle* v. *N. Y. C. & H. R. R. R. Co.*, 55 N. Y. 612; *Sereles* v. *M. Ry. Co.*, 101 N. Y. 662; *Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 90.)

*Walter H. Gilpatrick* and *Edward M. Bassett* for respondent. The question of proximate cause was properly submitted to the jury. (*Lee* v. *Van Buren & N. Y. B. P. Co.*, 190 App. Div. 742; *Lazarowitz* v. *Levy*, 194 App. Div. 400; *Donnelly* v. *Piercy Cont. Co.*, 222 N. Y. 210.)

POUND, J. Plaintiff's testator was killed by a runaway Ford delivery truck, owned by the appellant and found by the jury to be engaged in its business at the time of the accident. The truck was left unattended by the driver at the curb on an incline on Seventy-fifth street in New York city. It started down the grade, ran into a work shanty at the foot of the hill where deceased was working and crushed him. The burden was on the plaintiff to establish (1) that defendant was negligent, and (2) that its negligence was a proximate cause of the accident.

Motor vehicles are commonly left standing in the street without extraordinary precautions being taken to prevent interference with them. They are not regarded as dangerous instrumentalities, but the possibility of danger from careless handling is obvious. The duty of the driver of such a vehicle, when he leaves it unattended in the street, is to be careful to have it so secured that it will not start up except by the intervention of some external cause not to be anticipated or guarded against. (*Luedeke* v. *N. Y. C. & H. R. R. R. Co.*, 164 App. Div. 104, 106; *American Express Co.* v. *Terry*, 126 Md. 260; *Oberg* v. *Berg*, 90 Wash. 435.) As the driver of a horse who has properly secured the animal with a sufficient halter, rope or chain is not chargeable with the act of a stranger who unties it and starts it running into a crowd, so the driver of a motor vehicle who has set his brake, turned off his engine and turned the front wheels to the curb, or otherwise stopped it securely in the circumstances, is not chargeable with the act of boys or others who willfully

start the car and thereby cause injury, at least when the circumstances are not such as to suggest unusual care to guard against probable interference with the car. The driver of a spirited horse who leaves it unhitched in the street may be liable for accidents immediately brought about by one who frightens the animal or touches it with the whip so that it runs away (*Moulton* v. *L. B. & B. S. R. Co.*, 102 Me. 186; 10 L. R. A. [N. S.] 845, and note); so the driver of an automobile who leaves it in the street without properly securing it may be liable for accidents immediately brought about by his negligence, although others may start the car. The analogy is between the tied horse and the stopped car, but an analogy between animate and inanimate objects is not perfect. A horse will not roll down hill and a car will not take fright or exercise volition. If one is negligent in leaving a motor vehicle improperly secured; if as a result thereof and in immediate sequence therewith some other event occurs which would not have occurred except for such negligence, and if injury follows, such a one is responsible, even though the negligent act comes first in order of time. We applied this principle recently in a case where a horse was left alone and unhitched (*Donnelly* v. *Piercy Contracting Co.*, 222 N. Y. 210, 214), although the contrary has been held in Pennsylvania. (*Rhad* v. *Duquesne Light Co.*, 255 Penn. St. 409.) The first question to consider, therefore, is what is negligence in leaving a car standing in the open street?

Plaintiff's version of the accident is that the truck was left on an incline, with engine running and brakes improperly set, so that it might have started up with little or no external aid. Defendant's driver testified that he left the car with its brakes set, engine stopped and front wheels turned toward the curb, so that it would not have moved except for the interference of some boys who released the brake, started the engine and shifted the levers. The situation was not presented as an

unusual one where the danger was apparent of interference by little children indulging in their natural instincts of play (*Lynch* v. *Nurdin*, 1 Adol. & El. [N. S.] 29; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301), or by meddlesome or mischievous boys. (*Luedeke* v. *N. Y. C. & H. R. R. R. Co.*, *supra.*) The questions of negligence and proximate cause were in the case and were properly for the jury.

The learned trial justice submitted to the jury in very general terms the question of negligence — was defendant's driver reasonably careful under the circumstances? No standard of care was given by the court for the guidance of the jury.

After the court had charged the jury the appellant asked for an instruction that " if the chauffeur left his truck with the switch turned off, the emergency brake set and the front wheels turned in toward the curb and went into the market and while he was in the market some boys started the truck, then neither the defendant, the 80th Street Life Poultry Market, Inc., nor the Fair Price Poultry Company, Inc., can be held liable for the death of plaintiff's intestate." The court refused to charge except as already charged, to which ruling defendant duly excepted. This request was proper under the circumstances. Defendant was not negligent if the truck was left as ordinarily careful drivers, exercising proper foresight, leave their vehicles in the street under ordinary circumstances. Generally speaking the question of reasonable conduct on conflicting evidence would be for the jury and the court should not invade their province. But generalities as to proper care or the lack of it will not always suffice. Here the court was in substance asked to define a proper standard of ordinary care applicable to common conditions arising daily in the streets. It seems clear that if the facts as stated in the request were found by the jury, no negligence would be established, but the jury, instead of being so instructed in unmistakable terms, were left to speculate whether

or not it was negligence to leave the car unattended or unfastened by chains, or to leave the key in the switch, or to omit some other unsuggested precaution. The error was substantial. The defendant was entitled to the specific instruction as to proper care. If defendant had securely stopped its car; had done nothing to invite or provoke interference with it; if it was set in motion by boys in the absence of negligence of the defendant as a concurring cause, the death of plaintiff's testator was due to a new and unexpected cause (*Deyo* v. *Hudson*, 225 N. Y. 602, 615; *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60) and defendant is not chargeable therewith.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result.

Judgments reversed, etc.