Alice Kaplan, an Infant, by Louis Kaplan, Her Guardian ad Litem, Respondent, *v.* Shults Bread Company, Appellant.

First Department, February 6, 1925.

Motor vehicles — action to recover for injuries suffered by plaintiff when defendant's automobile struck her — automobile was left at curb in street with front wheel turned toward curb, brakes set, ignition turned off and engine stopped — some boys were seen on automobile after defendant's driver left it — automobile ran onto sidewalk unattended and struck plaintiff — instructions — error to refuse to charge that if defendant left automobile as stated, though ignition key was not removed, and brakes were in good condition, and during absence of driver automobile was started by third persons, defendant is not liable.

In an action to recover damages for injuries suffered by a child when she was struck by defendant's automobile, in which it appeared that defendant's driver left the automobile parked at the curb of the street, with the front wheel turned toward the curb, the engine stopped, the brakes set and the ignition turned off, although the ignition key was not removed from the automobile, and that during the driver's absence some boys were seen on the automobile which started to move directly thereafter, ran onto the sidewalk and struck the plaintiff, it was error for the court to refuse to charge that if the defendant left the automobile as stated, though the ignition key was not removed therefrom, and if the brakes were in good condition, the defendant is not liable if, during the absence of the driver, the automobile was started by third persons.

Appeal by the defendant, Shults Bread Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of December, 1923, upon a verdict of the jury for $12,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*William Butler* [*George F. Hickey* of counsel], for the appellant.

*Emil H. Reichman* [*Murray G. Jenkins* of counsel], for the respondent.

Martin, J.:

On March 21, 1921, during the noon hour, Alice Kaplan, six years nine months of age, while playing with a rope on the side-

walk in front of her residence, No. 176 East One Hundred and First street, borough of Manhattan, was run over and injured by a delivery automobile in charge of Charles Hery who was employed by defendant and was serving defendant's customers with bread on Lexington avenue between One Hundred and One Hundred and First streets. The motor car was a 1917 Ford. In order to start the motor it was necessary to turn a crank in front. This could be done without great effort. The car had been equipped with new brakes just prior to the accident, had been thoroughly tested, and the brakes were in perfect condition.

Before the accident the chauffeur stopped the car in front of 1569 Lexington avenue, turned the right front wheel to the curb and turned the key so as to shut off the engine. This key was permanently attached to a chain, and after it had been taken out of the switch it was allowed to fall into a hole in the floor of the car. The chauffeur says the motor was not running. The emergency brake was set all the way back. The chauffeur made a delivery of bread at 1571 Lexington avenue. This took about three or four minutes. After returning to the car he made another delivery to a storekeeper at No. 1569 Lexington avenue, who gave him a bill to pay for the bread. As he was about to give her change, somebody called in, " Shults, there goes your car." He ran out and saw his car around the corner against a stoop on One Hundred and First street. Just prior to this Mrs. Koslow and Mrs. Auerback, witnesses, saw two boys on the machine. The boys were about twelve or thirteen years of age.

Plaintiff's witness Charles Goldberg says he saw the car going down One Hundred and First street in an easterly direction, partly on the sidewalk and partly in the gutter; that it was going pretty fast but he had time to go out into the street and jump on the running board on the left side. He did not know anything about automobiles. He had never operated a Ford car. Yet he says that he took hold of the brake, but it slipped back. He then steered the car into a stoop two houses away, where it came to a standstill, at which time the engine was still running.

On cross-examination he said he was sure the engine was working because he heard it clicking; that at first he took hold of one of the front wheels of the car and tried to swing it off the sidewalk; that he then stepped on the running board and remained there until the car came to a stop; that with his left hand he took hold of the steering wheel and with the right hand he tried to stop the machine with the brake.

When asked about other testimony given by him in the Municipal Court, whether he had said anything there as to whether the engine

was running, he said: " It must have been running." When asked about a statement to the contrary signed by him a few days after the accident, he said: " And like a damn fool I signed it." He admitted making a claim against defendant on account of this occurrence and that he could not prosecute it because of his signed statement. He also admitted that he did not see the car strike plaintiff. His excuse for saying, " I did not at any time take any notice as to the position of the brake on said auto and I do not know as to whether the gas on auto was turned on or not," was that he had been told by a Mr. Tate to say so.

The plaintiff as a witness in her own behalf testified that she was swinging a rope with her back toward Lexington avenue and she never knew what happened to her. Her mother, seated on a chair in front of her residence, knitting, did not know anything about the accident other than that she saw the car run over the child.

Appellant maintains that the trial court erroneously refused to charge " that if the defendant left the vehicle with the switch turned off, even though the key were not removed from the car, and the emergency brake set and that the emergency brake was found by the jury to be in proper condition and with the wheels left turned to the curb, and that while he was in the store, the car was started by some boys, that the defendant is not liable." In this respect defendant is sustained by recent cases in the Court of Appeals. (*Maloney* v. *Kaplan*, 233 N. Y. 426; *Touris* v. *Brewster & Co.*, 235 id. 226.)

It must be borne in mind that none of the witnesses saw the automobile as it started from where the driver had left it. The witness Goldberg did not see it then, and he did not see the automobile strike any one. It is upon his testimony that plaintiff is attempting to hold the defendant liable for damages. His testimony was not very convincing in view of his contradictory statements. Admitting everything he said to be true, there would be no liability under the circumstances of this case. The defendant proved that the car was properly placed against the curb and remained stationary while the driver delivered bread to a customer and returned for more bread to be delivered to another customer. While he was making the second delivery the car was started.

In *Touris* v. *Brewster & Co.* (*supra*) the court said (p. 231): " He had a right to leave the car unattended and when he turned off the power, applied the emergency brake, locked the ignition and removed the key, I am unable to see what more a reasonable person would or should have done."

In *Maloney* v. *Kaplan* (*supra*) the court said (p. 430): " After

the court had charged the jury the appellant asked for an instruction that ' if the chauffeur left his truck with the switch turned off, the emergency brake set and the front wheels turned in toward the curb and went into the market and while he was in the market some boys started the truck, then neither the defendant, the 80th Street Life Poultry Market, Inc., nor the Fair Price Poultry Company, Inc., can be held liable for the death of plaintiff's intestate.' The court refused to charge except as already charged, to which ruling defendant duly excepted. This request was proper under the circumstances. Defendant was not negligent if the truck was left as ordinarily careful drivers, exercising proper foresight, leave their vehicles in the street under ordinary circumstances. Generally speaking, the question of reasonable conduct on conflicting evidence would be for the jury and the court should not invade their province. But generalities as to proper care or the lack of it will not always suffice. Here the court was in substance asked to define a proper standard of ordinary care applicable to common conditions arising daily in the streets. It seems clear that if the facts as stated in the request were found by the jury, no negligence would be established, but the jury, instead of being so instructed in unmistakable terms, were left to speculate whether or not it was negligence to leave the car unattended or unfastened by chains, or to leave the key in the switch, or to omit some other unsuggested precaution. The error was substantial. The defendant was entitled to the specific instruction as to proper care. If defendant had securely stopped its car; had done nothing to invite or provoke interference with it; if it was set in motion by boys in the absence of negligence of the defendant as a concurring cause, the death of plaintiff's testator was due to a new and unexpected cause (*Deyo* v. *Hudson,* 225 N. Y. 602, 615; *Perry* v. *Rochester Lime Co.,* 219 N. Y. 60), and defendant is not chargeable therewith."

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.