Harris, J.
In this action, the plaintiff claims property damage to an automobile, which damage she ascribes to the alleged' negligence of the defendants. The action was brought in the Municipal Court of Syracuse, Onondaga County, New York. After joinder of issue, the complaint was-dismissed on motion of the defendants on the ground that the complaint did not state facts sufficient to constitute a cause of action. Appeal was taken to Onondaga County Court from the judgment of the Municipal Court and the County Court affirmed-the judgment of the Municipal Court of .Syracuse. Appeal is now taken to the Appellate Division from the judgment of affirmance of the County Court.
Briefly summarized, the pertinent parts of the complaint * under attack are as follows: Defendants are husband and' wife, and are residents of the city of Syracuse, N. Y. The wife owned a Plymouth coupe which she permitted her husband to operate. On March 12, 1945, the husband parked the car on South Geddes Street, in the city of Syracuse, leaving the car-door unlocked and the keys in the ignition switch. For a long time prior to that date, a large number of automobiles had been stolen in and about the city of Syracuse due to the fact that the owners had left the car unlocked and the ignition keys therein, and because of such thefts car owners in Syracuse and vicinity were warned by the police of the city of Syracuse, through the newspapers and over the radio, of the commonness of such thefts and not to leave their cars unlocked or the keys inside. While the car of the defendant wife was parked as above described, a fourteen-year-old boy who had escaped from the State School in Industry, N. Y., stole the car, drove it away, and collided with and damaged the automobile owned by the plaintiff.
*637 The appellant contends that the complaint should not have been dismissed and cites in support of this contention the language used by Judge Pound (later Chief Judge Pound) in the action of Maloney v. Kaplan (233 N. Y. 426). In the Maloney case, the plaintiff’s testator was killed by a runaway delivery truck owned by the defendant, 80th Street Life Poultry Market, Inc., which truck the jury found to be engaged at the time of the accident in the business of the defendant, 80th Street Life Poultry Market, Inc., and Unit was brought by the plaintiff against the owner of the automobile. The driver of the truck had left the car unattended at the curb on an incline on Seventy-fifth Street in New York City, it started down the grade, ran into a shanty at the foot of the hill where the deceased was working and crushed him. In discussing proximate cause, Judge Pound said, “Motor vehicles are commonly left standing in the street without extraordinary precautions being taken to prevent interference with them. They are not regarded as dangerous instrumentalities, but the possibility of danger from careless handling is obvious. The duty of the driver of such a vehicle, when he leaves it unattended in the street, is to be careful to have it so secured that it will not start up except by the intervention of some external cause not to be anticipated or guarded against. (Luedeke v. N. Y. C. & H. R. R. R. Co., 164 App. Div. 104, 106; American Express Co. v. Terry, 126 Md. 260; Oberg v. Berg, 90 Wash. 435.) ” Further on in the opinion in Maloney v. Kaplan (233 N. Y. 426), it is to be noted that Judge Pound said, “If one is negligent in leaving a motor vehicle improperly secured; if as a result thereof and in immediate sequence therewith some other event occurs which would not have occurred except for such negligence, and if injury follows, such a one is responsible, even though the negligent act comes first in order of time.” A reading of the entire opinion leads to the conclusion that the distinguished writer of the opinion was discussing proximate cause in reference to the accident then under consideration, and not a situation similar to the one now before this court. The proximate cause of the accident in the Maloney case could, as a matter of fact, be regarded as the careless parking of the truck at the top of a grade, subject to any sort of starting cause, because one so parking an automobile should have had in mind the principles of gravity. In the appeal now before this court, the proximate cause of the accident was the unskillful handling of the automobile by the thief; the leaving of the car unguarded and unlocked was a contributing reason to the theft, but not the proximate cause of the collision. The use of the car by the thief *638 intervened between the occurrence of the negligence of the defendant husband and the unskillful driving of the car by the thief. After the disposition in the Court of Appeals of Maloney v. Kaplan (233 N. Y. 426) that court had before it two cases (Walter v. Bond, 292 N. Y. 574; and Goes v. Gifford Sales & Service, Inc., 291 N. Y. 744); in each of these two cases the rule of liability, which the appellant here claims was set forth in Maloney v. Kaplan, if such rule did exist, would have been applicable, but it is significant that such a rule of law was not commented on nor applied therein.
The appellant concedes that the action herein cannot be based on the theory that the automobile of the defendant wife was being driven with the permission of the owner, express or implied. Even if he contended otherwise, such contention would have been contrary to the statute and the adjudicated cases in reference to cars being driven with the permission, express or implied, of the owners. (Vehicle and Traffic Law, § 59; see Wilson v. Harrington, 269 App. Div. 891, affd. 295 N. Y. 667; Walter v. Bond, 267 App. Div. 779, affd. 292 N. Y. 574; Goes v. Gifford Sales & Service, Inc., 265 App. Div. 796, affd. 291 N. Y. 744.)
The action was properly dismissed in the Municipal Court of Syracuse, and the judgment of that court and the affirming judgment of the County Court of Onondaga County should be affirmed here.
All concur; Dowling, J.,\not voting.
Present — Dowling, Harris, McCurn, Larkin and Love, JJ.
Judgment and order affirmed, with costs.