Louis B. Heller, J.
Action to recover damages for personal injuries sustained by plaintiff Landberg (hereinafter to be referred to as owner-driver) and plaintiff Feuer (sued herein as “ Feur ”) a guest in his car (hereinafter to be referred to as guest).
This case was previously tried by a Referee of this court who awarded the owner-driver the sum of $1,400 and the guest the sum of $1,000 (N. Y. L. J., June 25, 1958, p. 7, col. 7). A motion for a new trial was granted by the learned Referee (N. Y. L. J., Sept. 12, 1958, p. 10, col. 6), and this case was retried before this court, both sides waiving findings of fact and conclusions of law.
The testimony disclosed that on June 17, 1956, at 1:35 a.m., the owner-driver, while slowly approaching a red traffic light on Seventy-First Avenue at the corner of Queens Boulevard, Queens, New York, was struck on its left side toward the rear by defendant’s taxicab. The said taxicab was in the custody of defendant Steuerman (sued herein as “ Silverman ”) who had left it wholly unattended minutes before the accident, having parked it while he entered a candy store to buy some cigarettes.
After the event, defendant chauffeur told the police officer at the scene, in the presence of the plaintiffs, that he “ left the car at the curb with the motor running, and when he came out his car was gone, that it left in an unknown manner and was involved in a collision with another vehicle ” — and “ it was left in neutral.” Defendant chauffeur at first denied and then admitted that when he saw his taxi at the scene of the collision the motor was running, as testified to by the police officer. He further admitted leaving the keys in the car.
*598 There is no evidence as to any other source of the movement on the part of the taxi. There is testimony that the level of the road on Seventy-first Avenue inclined downhill toward the plaintiff’s car.
Defendants rely upon a number of cases for exculpation. In my opinion the cited cases are distinguishable from the instant case. In Mann v. Parshall (229 App. Div. 366) mischievous children, or other persons had put the car in motion. In Pesaty v. Hearn & Son (202 N. Y. S. 264) it appears, at page 265, that “ The evidence shows that, before leaving his car unattended, defendant’s employee used more than ordinary care, and he cannot be held liable for the acts of trespassers occurrina thereafter. Maloney v Kaplan, 233 N. Y. 426, 427, 428-431 * * # Touris v Brewster & Co., 235 N. Y. 226, 231, 232 ”. (Italics supplied.)
The case of Vincent v. Crandall & Godley Co. (131 App. Div. 200) holds that no liability attached because, as the court stated at page 202, “In this instance the proximate cause of the plaintiffs ’ damage was the willful act of the boys who started the truck, just as it would be had they willfully untied a horse and driven it into the drug store.” Similarly, Russell v. Butler Grocery Co. (239 App. Div. 169) and Lazarowitz v. Levy (194 App. Div. 400) do not apply since these cases likewise presented the problem of the intervention of a third party.
The case at bar is not one in which an operator leaves his car parked at the curb which thereafter is put in motion by the act of a third party. The decision of the court in the case of Maloney v. Kaplan (233 N. Y. 426) is applicable wherein at page 429, it stated “ If one is negligent in leaving a motor vehicle improperly secured; if as a result thereof and in immediate sequence therewith some other event occurs which would not have occurred except for such negligence, and if injury follows, such a one is responsible, even though the negligent act comes first in order of time.”
The court accepts plaintiffs’ version of the accident. It is particularly impressed with the testimony of the police officer who was completely disinterested and who testified that the defendant chauffeur had told him in the presence of the plaintiffs that he left the car with motor running.
The court further finds that the taxicab, in that condition, was left on an incline without being properly secured and that it started up with little or no external aid.
Defendant failed to exercise that degree of care which prudent drivers would employ under the same circumstances. The defendant chauffeur’s failure to do so constitutes negligence.
*599 The court is of the opinion that the plaintiffs were free of any negligence contributing to the occurrence. It finds, however, that the injuries sustained by the plaintiffs were slight and that the time lost from their employment was exaggerated. Defendants’ motion to dismiss the complaint, on which decision had been reserved at the end of the case, is in all respects denied. The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Accordingly, judgment for owner-driver Landberg in the sum of $700, and in favor of guest Peuer in the sum of $500.
Ten days’ stay, 30 days to make a case. Counsel will please call for exhibits.