Bernard Tomson, J.
The parties have stipulated that witnesses, if called, would testify that in some unexplained way, the defendant’s motor vehicle, which had been parked in a driveway in the early morning of December 27, 1959, crashed into the plaintiffs’ house and caused $1,435 damage. The driveway has a ‘ ‘ slight incline ’ ’ to the street, which in turn inclines downward toward the plaintiffs’ house. The stipulation recites that the defendant would testify that: ‘ ‘ He neither saw nor heard anyone at or near the car, and was unaware that it was not in the place in which he had parked it until he was awakened during the night and thereafter learned that the car had somehow moved or been moved from the place where he had parked it down to the street and had been turned at right angles and allowed to proceed down the street and eventually crashed into *452 the house occupied by plaintiffs at the end of the street where it dead ends at Pinewood Road, Incorporated Village of Flower Hill, Hew York. At the time he parked the car he removed the ignition key from it, but the doors, which were capable of being locked, were left unlocked. At the same time, he removed the ignition key from the switch, set the emergency brake and put the car in gear. He did not authorize anyone to use the car or to move it from the place where he had parked it. He does not know the name or names of any person or persons who may have moved the car, and he is without knowledge of the manner in which it got from the place where it was parked to the point of contact with plaintiffs’ house.” (Emphasis supplied.)
The plaintiffs rely on the prima facie inference of negligence that flows from the movement of the automobile from the place where it was parked to the point where the damage was caused, the attendant circumstances, and the failure of the defendant to come forward with testimony which would negate the prima facie inference.
Although it has been stated that only the ordinary care of a reasonably prudent man is the duty imposed under the circumstances here (Touris v. Brewster & Co., 235 N. Y. 226, rehearing denied 236 H. Y. 510) and that the requirement placed upon an operator leaving a parked automobile unattended is to secure it so that it will not move except through an unanticipated intervening external cause (Maloney v. Kaplan, 233 N. Y. 426; Carney v. Buyea, 271 App. Div. 338, leave to appeal denied 271 App. Div. 949), there is a presumption of negligence arising from the happening of an accident caused when a parked unattended vehicle moves, in the absence of evidence which would negative negligence on the part of the defendant. In the majority of jurisdictions the cases reach this result in reliance upon the doctrine of res ipsa loquitur. (See 16 A. L. R. 2d 984.) The Hew York cases, though reaching the same result, seem to rest on the prima facie inference of negligence which follows the happening of an accident on similar facts. (See Rintel v. Dairymen’s League Co-op. Assn., 178 Misc. 316; Levy v. Stotchik, 132 Misc. 453.)
A close reading of the stipulations indicates that the defendant has not produced any evidence which would cause this court to conclude that the accident occurred through some cause other than his negligence. The possibility of the intervention of some third'person is a matter of pure speculation and renders the facts here distinguishable from those in Dwarte v. First Westchester Nat. Bank (5 A D 2d 1011) (but note holding there *453 that a question of fact was made out on the theory that the defendants were negligent in parking the vehicle, citing Maloney v. Kaplan, supra); Mann v. Parshall (229 App. Div. 366); and Tierney v. New York Dugan Bros. (288 N. Y. 16) (Cf., also, Di Sabato v. Soffes, 9 A D 2d 297).
Subdivision (a) of section 1210 of the Vehicle and Traffic Law reads: “ No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.”
In recommending the adoption of the requirements that the front wheels be turned to the curb “ upon any grade ” the Joint Legislative Committee on Motor Vehicle Problems (N. Y. Legis. Doc., 1954, No. 36, p. 106) stated:
“ The precautions differ according to whether the vehicle is parked on a grade or on a level highway. In both cases, the engine must be stopped, the ignition shut off, the key removed, and the emergency brakes applied. Only in the former case need the front wheels of the vehicle be turned toward the curb or side of the highway.
‘ ‘ "Whereas the present law requires that wheels be turned to the curb when a vehicle is parked on a ‘ steep incline ’, the proposed law is applicable when parking on ‘ any grade ’. From the enforcement point of view this is preferable since ‘ any ’ grade is a more objective criterion than ‘ steep ’ incline. From a practical point of view, a small incline will cause a car to roll. The burden of guarding against such a possibility is slight and the harm to be apprehended relatively great. The stricter requirement of the proposed law is, therefore, reasonable.”
Whether the defendant’s failure here to turn the front wheels of the automobile to the curb constitutes a violation of subdivision (a) of section 1210 is unimportant. The statute restates the indicia for such precautions as may be taken by a reasonable man in parking an unattended motor vehicle under the circumstances here detailed. Even if the brakes or gear were defective or improperly set and the ignition locked, the accident would not have happened if the front wheels had been properly turned “ to the curb ” absent the intervention of some other agency. This, in itself, would justify an inference of the defendant’s negligence.
(Cf., also, Di Turi v. Felty, 1 A D 2d 881; Landberg v. Roxy Transp. Co., 18 Misc 2d 596; Kass v. Schneiderman, 21 Misc 2d 518; and, see, cases collected in Ann. 16 A.L.R. 2d 979; 60 C.J.S., *454 Motor Vehicle, §§ 333-334; 4 N. Y. Jur., Automobiles, §§ 331-334.)
Judgment for plaintiff in the sum of $1,435, with costs and disbursements.