Bertram Harnett, J.
You leave your key in the ignition of your car standing in your own driveway. The car is stolen and becomes the cause of an accident. Are you liable?
It is perhaps surprising that this question has not been answered in New York in any reported decision. While some *529 cases have touched on it, none address themselves directly to this seeming garden variety of legal question.
At first blush, one would wonder why a question of liability would exist. This traces to section 1210 (subd. [a]) of the Vehicle and Traffic Law which reads as follows: “No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway, provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency” (emphasis added).
The pertinent statutory portion provides then that the owner of a car shall not permit it to stand unattended without removing the key from the ignition.
Strictly speaking, section 1210 (subd. [a]) is regulatory and punitive, and, under the statute, the penalty for its violation is a fine of not more than $50 or 15 days’ imprisonment or both. (Vehicle and Traffic Law, § 1800, subds. [a], [b].) .
However, the statute contains the seed of two conceivable bases on which to predicate an owner’s civil liability for a thief’s auto accident. The first point is that by leaving the key in the car, the owner was negligent and, if his negligence is a proximate cause of the accident, then he may be liable. Secondly, the leaving of the key may constitute an implied consent to the operation of the car by the user, thus setting the stage for liability in the event of negligence by the user.
With respect to negligence, the courts have found that a violation of the statute is negligence, at least in the creation of an opportunity for a thief to steal the car, and may be the basis for liability on the part of the owner. (Matter of Smith [MV AIC], 34 A D 2d 629 ; Padro v. Knobloch, 28 Misc 2d 898.) In Guaspari v. Gorsky (36 A D 2d 225) the Appellate Division, Fourth Department, found that a violation of the ‘ ‘ key in the ignition ’ ’ statute was actionable negligence which, combined with proximate causation, served as a basis for holding an owner liable. The court specifically noted that the accident there was caused by the thief’s negligence in operating the car. It ruled that an owner who violates the ‘ ‘ key in the ignition ’ ’ statute is liable for negligent harm done by a thief in the operation of the stolen car. (Cf. Small v. Tyres, 33 A D 2d 1055.)
On the other hand, if it were assumed that a breach of the statute created an implied consent to operate the car, the liability *530 of the owner would necessarily rest on the negligent operation of the car by the presumably permitted operator. Under section 388 of the Vehicle and Traffic Law, the negligence of an operator with permission is attributable to the car owner. Therefore, in this case, there is little effective difference if the statutory breach is considered negligence by the owner or a constructively permitted use of the car. There is no case known which holds that a breach of section 1210 (subd. [a]) is a constructive permission to operate a car.
In this case, which involves a requested ruling as to an insurer’s liability for coverage, the negligence of the operator is a matter to be reserved for later proof. The carrier’s duty to defend would include the trial of the issue of the negligence of the thief operator which, in turn, would determine the liability, if any, of the insured statute-violating owner. (See Downey v. Merchants Mut. Ins. Co., 30 A D 2d 171, affd. 23 N Y 2d 989.)
Accordingly, the basic question of the case is whether the conduct of the car owner was a violation of the ‘ ‘ key in the ignition ” statute. The facts show that on the evening of June 20, 1970, Louis Kirscheim left his station wagon unattended in the driveway of his home on his own private property, about 30 feet off the public highway. The car was' unlocked, the rear window was open and the key was in the ignition. Shortly after, during that night, the car was stolen by someone still unknown, and was involved in a collision with a car owned and operated by Michael Noonan. As a result of that accident, Mr. Noonan commenced a lawsuit against Mr. Kirscheim based in negligence.
State Farm Mutual Automobile Insurance Company (State Farm), which had issued an automobile insurance policy covering the Kirscheim vehicle, disclaimed coverage on the theory that the accident was occasioned solely by the operation of the vehicle by an unknown third party without permission of the owner. Noonan then filed a claim under the uninsured motorist endorsement of his own automobile policy issued by the General Accident Group (General). Subsequently, General commenced this action against State Farm, Noonan and Kirscheim, to determine the validity of the State Farm disclaimer.
The Vehicle and Traffic Law applies upon highways, and upon private roads open to public motor vehicle traffic. This is stated in section 1100 (subd. [a]), which goes on to create exceptions only where specifically referred .to in a given section. But no instance of exception is pertinent in this case. Indeed section 1210 (subd. [a]) refers internally to “ the curb or side of the highway ”. In sum, only if the Kirscheim driveway is either a *531 “highway” or “private road open to public motor vehicle traffic”, is section 1210 (subd. [a]) breached.
A ‘ ‘ highway ’ ’ is defined as: “ the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel ”. (Vehicle and Traffic Law, § 118.)
Similarly, a “public highway ” is defined as: “ Any highway, road, street, avenue, alley, public place, public driveway, or any other public way”. (Vehicle and Traffic Law, § 134.) These terms do not include a private driveway. (See Zielinski v. Lyford, 175 Misc. 517.)
Neither can the Kirseheim driveway be classified as a “ private road ”, which is defined in section 133 of the Vehicle and Traffic Law, as: “ Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons ”.
From these statutes it is plain that the “ key in the ignition ” provision does not apply to a car in its own driveway. The road or the way must be public for section 1210 (subd. [a]) to be applicable. (Cf. Watts v. Colonial Sand & Stone, 64 Misc 2d 889.)
General argues that the recent decision of the Appellate Division, Fourth Department, in Guaspari v. Gorsky (supra) is otherwise and controlling. However, that decision explicitly indicates its premise that the car was parked on a highway or road. (36 A D 2d 229-230.) As stated above, the Guaspari decision does hold that a violation of section 1210 (subd. [a]) may constitute such negligence as to hold a car owner responsible for injuries caused by a thief. In Davidson v. Hicks (34 Misc 2d 451, revd. on other grounds 38 Misc 2d 858) a car was concededly left parked in a private driveway, but the question of statutory applicability to a private driveway was not considered by the court and was deemed not controlling to the issues. The court simply used that part of the statute dealing with turning the wheel to the curb as a general standard of care, regardless of applicability of the statute to the particular facts.
The legislative history indicates that section 1210 (subd. [a]) was designed to obviate the risk of theft and injurious movement of vehicles. (N. Y. Legis. Doc., 1954, No. 36, pp. 106-107.) Although the same harm may ultimately result whether the car is left parked on a public highway or in a private driveway, there are competing public considerations of at least equal significance, and these involve the right of people to use their private property as they see fit.
*532 It would require a more fundamental legal proscription than a court decision in an essentially statutory field to enable the State to trace an automobile into its owner’s garage. At common law, in the absence of any applicable statute, the owner of a vehicle is not liable, as a matter of law, for the negligence of a thief. (Lotito v. Kyriacus, 272 App. Div. 635, mot. for lv. to app. dsmd. 297 N. Y. 1027 ; Walter v. Bond, 267 App. Div. 779, affd. 292 N. Y. 574 ; Mann v. Parshall, 229 App. Div. 366.) There is here neither any assertion nor apparency of negligence of Mr. Kirscheim other than the erroneously claimed breach of the statute.
Under the circumstances of this case, State Farm cannot be liable on Mr. Kirscheim’s policy, and Mr. Noonan must look to the uninsured motorist endorsement of his own policy with General. Judgment will be granted dismissing the complaint, on the merits, without costs to any party.