OPINION OF THE COURT
Joseph Goldstein, J.
This is a motion by the defendant in the Small Claims Part for an order dismissing the complaint in the within action and directing that summary judgment be entered in favor of the defendant upon the ground that there are no triable issues of fact and the cause of action alleged in the complaint has no merit. The Small Claims Part of the court is not the proper jurisdiction for pretrial motion practice, and the motion should be denied.
Furthermore, the defendant asserts that a claim for property damage allegedly sustained by the plaintiff as a result of the motor vehicle accident on December 31, 1979 should be dismissed as a matter of law.
Defendant alleges that at the time plaintiff’s automobile was struck by the defendant’s automobile the defendant’s automobile was being operated by an unknown thief; that the defendant’s automobile was stolen while it was parked on the defendant’s driveway, and for that reason, the defendant should not be held liable for the negligence of the thief who was involved in the collision with plaintiff’s automobile.
Defendant acknowledges that while the automobile was *382 in her driveway at approximately 6:00 A.M. on December 31,1979, she had started her car in order to give her vehicle sufficient time to warm up. Defendant then left her car unattended with the motor running, when an unknown person entered her vehicle and drove it away.
Counsel cites in support of his application a decision by the Honorable Bertram Harnett, Supreme Court Justice; General Ace. Group v Noonan (66 Misc 2d 528) wherein a similar situation is described and the owner of the vehicle had left the vehicle’s key in. the ignition while the auto was parked in his driveway. Defendant cites other cases as well.
This court, after reviewing the cases cited, as well as other cases (see Guaspari v Gorsky, 36 AD2d 225, app dsmd 29 NY2d 891; Zegarelli v Colp, 91 Misc 2d 430; Davidson v Hicks, 34 Misc 2d 451; Padro v Knobloch, 28 Misc 2d 898; Kass v Schneiderman, 21 Misc 2d 518; Matter of Smith [MVAIC], 34 AD2d 629; Catanese v Whitlow, 59 AD2d 1057; Podstupka v Brannon, 81 Misc 2d 338; Speller v Ryder Truck Rental, 47 AD2d 608) finds a clear distinction between the cases cited and the facts alleged in this litigation. The reported cases reflect situations where the ignition key may or may not have been left in the ignition and by implementation of section 1210 of the Vehicle and Traffic Law, the plaintiff seeks to hold the defendant responsible for the “thief’s” negligence.
In the case before this court, not only was the ignition key in the ignition, but the motor of the automobile was actually running when the defendant left the automobile unattended in her driveway while she returned to her home.
Essentially, the basis of liability in an action for negligence is the risk to be reasonably anticipated. However, not every possible occurrence due to unusual or unforeseeable situations is included in the foregoing premise. (Jacobs v Alrae Hotel Corp., 4 AD2d 201.) For example, the courts have frequently stated that under ordinary circumstances no one is chargeable with damages because he has not anticipated the commission of a crime by some third party. (Saugerties Bank v Delaware & Hudson Co., 236 NY 425; Benenson v National Sur. Co., 260 NY 299.)
However, where a situation exists which invites criminal *383 activity so clearly that no reasonable person would fail to foresee it, then the above rule does not apply. This court concludes that the facts in this case may well describe such a situation.
Certainly, under all the circumstances, it would be unjust to preclude the plaintiff from showing such facts as may permit a trier of the facts to determine that the defendant was negligent in her operation of her motor vehicle thereby inviting and causing the subsequent damages.
The driving public has been constantly and repeatedly warned not only by local police departments, but by the Department of Motor Vehicles to not only “lock their autos,” but to remove the key from the ignition and not to leave the car unattended. This defendant acknowledges that she not only did not remove the key and lock her door, but, to the contrary, left her key in the ignition and the motor running while she left her auto unattended to enter her home. It was at this moment the thief is alleged to have taken possession of the automobile in question.
There are issues of fact to be determined. The motion for summary judgment is denied.