ARTHUR J. CONNELL, Guardian ad Litem for JOHN CONNELL, an Infant, Respondent, *v.* ANNA BERLAND and Another, Appellants.

First Department, March 30, 1928.

Motor vehicles — injuries to pedestrian — automobile was left at curb with key in lock — boy started automobile and it ran wild and injured plaintiff — negligence to leave key in switch under circumstances — instructions — charge was correct.

The defendant left his automobile in a congested locality where he knew that children were playing in the street. He did not remove the key from the switch nor lock the doors. The automobile, equipped with a self-starter, was started by a boy who jumped from it as it started and the automobile ran wild, passed over the sidewalk and struck the infant plaintiff. Under all the circumstances the defendant was guilty of negligence in leaving the key in the switch with the doors unlocked.

The charge by the court was not erroneous and contradictory when read as a whole, but adequately and fairly presented the issues of fact to the jury and properly instructed the jury as to the rules of law applicable.

PROSKAUER and McAVOY, JJ., dissent, with opinion.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of November, 1927.

*F. A. W. Ireland,* for the appellants.

*Andrew Wilson* of counsel [*John R. Lazenby* with him on the brief; *Wilson & Wilson,* attorneys], for the respondent.

FINCH, J.  The action is for damages for personal injuries caused by the defendant's automobile.  The jury were justified in finding from the evidence that the defendant was negligent in that he parked his automobile in a congested locality where concededly he knew that children were constantly playing in the street, leaving the car, which was equipped with a self-starter, with the doors unlocked and with the ignition key in the switch.  The car was left in that condition for more than half an hour.  It was started by a boy, who thereafter jumped from it.  The car then ran wild, ran over the curb and struck the infant plaintiff as he was sitting under a rail against a building engaged in doing his school home-work.  The defendant admitted he knew the automobile could be started with the key left in the lock.  When questioned: " And you took a chance on that? " he replied, " Well, I always had done it before."  The case at bar is to be distinguished from the case of *Kaplan* v. *Shults Bread Co.* (212 App. Div. 110), relied upon by the appellants.  As was well said by the late Mr. Justice DONOHUE in his memorandum refusing to set aside the verdict: " *Kaplan* v. *Shults Bread Co.* (212 App. Div. 110), on which the defendant relies in support of his motion to set aside the verdict, is not applicable in my opinion to this case.  The different type of car altogether; the attempt to hide the key; the absence of a self-starter, and the defendant's absence for the brief period of time there appearing, are all considerations showing contrast in that situation with the one presented here.  The case resembles more fully *Gumbrell* v. *Clausen-Flanagan Brewery* (199 App. Div. 778).  There the defendant left a car of similar construction at the curb with the key in its place, and it was started by children in his absence at a place where he knew children were accustomed to play.  The leaving of the key in the switch was held to justify a finding of neglect and the nonsuit in the lower court was reversed by the Appellate Division.  The motion is accordingly denied."

The appellants further contend that the charge of the trial court was erroneous and contradictory, basing their contention upon isolated excerpts taken from the charge.  Considered as a whole the charge adequately and fairly presented to the jury the issues involved, and instructed the jury at length concerning the principles applicable, going so far as to quote extensively to the jury for their guidance from the recent decision of the Court of Appeals (*Maloney* v. *Kaplan,* 233 N. Y. 426).  The court then further

specifically charged the jury, as follows: " So, gentlemen of the jury, the courts have laid down what is the rule to be applied in cases such as this. Did the driver of the car, in view of all the circumstances that existed at the time he arrived at Mott and Bayard streets, exercise that degree of care that a reasonably prudent, careful driver would have exercised under like circumstances? "

Here then we have a standard of care expressly laid down for the benefit of the jury, elucidated by several quotations from the Court of Appeals defining the degree of care requisite under similar situations. It is difficult to see what more could have been done by the learned trial court.

It is also to be noted in connection with the case of *Maloney* v. *Kaplan* (*supra*), that the court, in holding a defendant not liable in negligence for leaving an automobile unattended with the key in the switch, calls attention to the fact that the situation was not there presented of apparent danger of interference by little children indulging in their natural instincts of play. Such an element was present in the case at bar, and the question of the defendants' negligence was properly submitted to the jury to be considered in the light of all the attendant facts and circumstances.

It follows that the judgment appealed from should be affirmed, with costs.

Dowling, P. J., and Merrell, J., concur; McAvoy and Proskauer, JJ., dissent.

Proskauer, J. (dissenting). The court charged the jury: " The important question for you to determine in this case is whether the car was left as testified to by the defendant and the young boys who have been called before you; because, if so, then your verdict will be for the defendant." No question of liability under *Maloney* v. *Kaplan* (233 N. Y. 426) was left to the jury and no adequate instruction given to the jury to permit it to render any verdict under the principle there laid down. Under the charge, the only basis for this verdict was that the defendant left his car with the engine running and with the brakes improperly set. There was no evidence whatever to sustain such a finding.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

McAvoy, J., concurs.

Judgment affirmed, with costs.