Prepared by State Reporter from Appeal Papers

entered January 16, 1928, affirming a judgment in favor
of plaintiff entered upon a verdict in an action to recover
for personal injuries alleged to have been sustained by
plaintiff through the negligence of defendant. Plaintiff,
while riding as a passenger in an automobile, was injured
as the result of a collision between the car in which she
was riding and an automobile driven by defendant.

*George R. Fearon* and *John E. Gates* for appellant.
*Jerome K. Cheney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: POUND, CRANE, ANDREWS, LEHMAN, KELLOGG
and O'BRIEN, JJ. Not sitting: CARDOZO, Ch. J.

---

JOHN CONNELL, an Infant, by ARTHUR J. CONNELL, His
Guardian ad Litem, Respondent, *v.* ANNA BERLAND
et al., Appellants.

*Negligence — motor vehicles — child sitting on sidewalk struck by auto-
mobile left on opposite side of street, and which started, crossed street
and mounted curb — defense that car was started by other children.*

*Connell v. Berland,* 223 App. Div. 234, affirmed.

(Argued June 15, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department, entered
April 6, 1928, affirming a judgment in favor of plaintiff
entered upon a verdict in an action to recover for personal
injuries alleged to have been sustained through the negli-
gence of defendant. The complaint alleged that plaintiff
while sitting upon the sidewalk against a building was
struck by an automobile owned by defendant Anna Ber-
land and operated by defendant Charles L. Berland which
he had left with the engine running on the opposite side
of the street and which started, crossed the street and
mounted the curb. Defendants contended that the auto-
mobile was left with the engine stopped, with the gears
in neutral, with the switch turned off, with the ignition
locked, though the key was not removed from the lock,

with the emergency brake set and with the wheels turned to the curb, and that while the driver was in a certain store the car was started by certain children and that he was not guilty of any negligence.

*F. A. W. Ireland* for appellants.
*Andrew Wilson, Jr.,* and *John R. Lazenby* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: POUND, CRANE, LEHMAN and O'BRIEN, JJ. Dissenting: ANDREWS and KELLOGG, JJ. Not sitting: CARDOZO, Ch. J.

---

BENJAMIN BAMONTE, Respondent, *v.* OCEAN BEACH-FIRE ISLAND COMPANY et al., Appellants, Impleaded with Another.

*Real property — title — tax sales — action to determine title to real property — validity of tax sales.*

*Bamonte* v. *Ocean Beach-Fire Island Co.,* 222 App. Div. 676, affirmed.
(Argued June 15, 1928; decided July 19, 1928.)

APPEAL from a judgment, entered December 28, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to compel determination of a claim to real property consisting of certain beach lands in the town of Islip. Both plaintiff and defendant Ocean Beach-Fire Island Company claimed through county treasurer's deeds upon tax sales. The Appellate Division held that the publication of the notices of sale for the taxes levied in 1918 and 1919 was not in compliance with the statute applicable, and that, for such reason, the two deeds made by the county treasurer of Suffolk county to the defendant Ocean Beach-Fire Island Company, dated December 1, 1923, and January 31, 1924, are void and of no effect.