CAMILLE JULIA MANN, Respondent, *v.* LA MOT BLAKELY PARSHALL, Appellant.

JAMES A. MANN, Respondent, *v.* LA MOT BLAKELY PARSHALL, Appellant.

Fourth Department, May 7, 1930.

*Charles P. Williams*, for the appellant.

*Charles T. Ennis*, for the respondents.

Per Curiam. The jury had warrant for finding the following facts: Defendant drove his automobile alongside the street curb, with the right-hand front wheel against the curb, which was about six inches high; defendant turned off the ignition and the engine stopped; he did not lock the car in any way, nor set the brakes; he went into a store near at hand, remained about fifteen minutes, then came out — and while standing near his automobile some unknown person started the engine and ran the car up across the curb and against and upon plaintiff Camille J. Mann, causing her serious injuries. It is not claimed that the person or persons who did the starting acted with defendant's knowledge or consent, express or implied. The case was sent to the jury to determine whether, under the stated set of circumstances, causal negligence could be attributed to defendant, in that he did not use reasonable precautions to prevent the mishap.

Since the street was substantially level and there is no claim that the automobile started without human aid, the fact that the emergency brake was not set is unimportant. The record contains nothing to indicate that defendant ought to have been warned of the presence, or probable presence, of mischievous children or of any persons likely to start his car without authority. There was nothing manifest to defendant which pointed to what occurred as a reasonably foreseeable result of the attendant circumstances. Under the theory upon which the cases were submitted to the jury, the verdicts were contrary to the evidence upon the question of defendant's negligence. (*Maloney* v. *Kaplan*, 233 N. Y. 426; *Vincent* v. *Crandall & Godley Co.*, 131 App. Div. 200; *Lazarowitz* v. *Levy*, 194 id. 400; *Kaplan* v. *Shults Bread Co.*, 212 id. 110.)

*Connell* v. *Berland* (223 App. Div. 234; affd., 248 N. Y. 641) and *Gumbrell* v. *Clausen-Flanagan Brewery* (199 App. Div. 778) are distinguishable in that in both of those cases the motor vehicle driver knew that children were playing near at hand; and one of them started the car.

The judgments and orders appealed from should be reversed upon the law and facts. But since, upon another trial, plaintiffs may be able to present additional evidence tending to establish actionable negligence in defendant, we grant new trials, with costs to appellant to abide the event.

All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

In each action: Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.