ROBERTS v. LUNDY.

1. Appeal and Error—Pleadings—Evidence—Variance—Amendments.

A variance between declaration and proofs not being brought to attention of trial court by objection, and being curable by amendment, will be regarded on appeal as cured by amendment.

2. Negligence—Automobiles—Dangerous Instrumentalities.

An automobile is not a ''dangerous instrumentality'' in the sense in which that term is used in the law; hence the ordinary rules of negligence apply.

3. Same—Proximate Cause.

Before conduct can constitute actionable negligence such conduct must be contrary to what a reasonable and prudent man would have done under like circumstances, and that conduct must be found to be the proximate cause of the injury.

4. Same—Proximate Cause—Foreseeable Consequences.

In an action for personal injuries alleged to be the result of defendant's negligence, in order that the plaintiff may recover it must appear that his injury was the natural and probable consequence of a negligent act or omission of the defendant which under the circumstances an ordinarily prudent person ought reasonably to have foreseen or anticipated might possibly occur as a result of such act or omission.

5. Automobiles—Negligence—Leaving Key in Ignition Switch.

As a matter of law it is not negligence for the operator of a car to leave the key in the ignition switch of an automobile occupied by three adults and a six-year-old boy as it is not reasonably foreseeable that a boy that age would in some manner release the emergency brake, put the gears in reverse, turn on the ignition switch, press the starter, and start the car in reverse at a high rate of speed so that it would crash into a building and injure a bystander.

6. Same—Ownership—Consent to Operation.

Owner of car who instructed another to take certain persons for a ride and not let anyone else drive the car would not

Definition of negligence, see 2 Restatement, Torts, § 282, contrasting negligence with situations of liability without fault, et cetera. Standard to which actor must conform is that of a reasonable man, see 2 Restatement, Torts, § 283. Standard of conduct of a reasonable man may be defined by the appellate court, see 2 Restatement, Torts, § 285 and comment (d).

be liable for injuries to bystander when car suddenly started backward while agent was not then in it and it was not being driven with defendant's consent, either express·or implied, or by a member of her family (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Murphy (George B.), J. Submitted April 8, 1942. (Docket No. 17, Calendar No. 41,749.) Decided May 18, 1942.

Case by Walter Roberts, by John Roberts, next friend, against Alex Lundy, Maprance Lundy, and Marie Calhoun, jointly and severally, for damages for personal injuries sustained when struck by a backing motor vehicle. From judgment for plaintiff against defendant Maprance Lundy, she appeals. Reversed.

*Edward L. Bryant,* for plaintiff.

*Stewart A. Ricard,* for defendant.

BUSHNELL, J. This is an appeal by defendant, Maprance Lundy, from a judgment in the sum of $1,000, entered upon an opinion rendered by the trial judge sitting without a jury. Plaintiff, Walter Roberts, who was about 11 years old at the time of the accident, appears by his next friend.

Walter was seriously injured on August 16, 1940, while he was with his parents at the old Casino on Belle Isle. Appellant's automobile, which was parked nearby, suddenly started in reverse at a high rate of speed and crashed into the door of the Casino and pinned Walter against the door jamb. Appellant was not present at the time, she having intrusted her automobile to Bennie Rolling with instructions to take her sister-in-law, Marie Calhoun, her husband, Alex Lundy, and some children to Belle

Isle. Appellant testified that Rolling was instructed not to permit anyone else to drive the car.

Upon arriving at Belle Isle, Rolling parked the car. He said he pulled the emergency brake, left the gears in neutral, turned off the ignition but left the key in the ignition switch. He got out of the car and took two of the children to a rest room. The other members of the party remained in the car. Alex Lundy was asleep on the rear seat; Minnie Rawling, a friend of the Lundys, was sitting in the rear seat; and Marie Calhoun and her six-year-old son were in the front seat. Marie moved over and sat behind the wheel in order to talk to Minnie. The Calhoun boy began to play with the devices on the dashboard of the car and Marie slapped his hands. According to her testimony she paid no more attention to the boy and the next thing she knew—

"All of a sudden, the car started back, rolled back, and I didn't know what to do. I hadn't driven a car and didn't know anything about driving a car. When the car started back, I grabbed for the wheel to try to stop the car, when it started back. I don't know how to drive; I don't know how to stop a car. If I did, the accident would never have happened. I grabbed for the wheel after it started."

Plaintiff charged that the injury was caused by the joint and several negligence of Maprance Lundy, Alex Lundy, and Marie Calhoun. The trial judge held that there was no legal liability on the part of Alex Lundy or Marie Calhoun and a judgment of no cause of action was entered as to those defendants. Regarding the liability of Maprance Lundy the trial judge said:

"An automobile is a dangeous instrumentality, and when an owner turns over its custody and control to another, such as Maprance Lundy did in this

instance, by giving permission to Bennie Rolling to drive it, she is responsible for the acts of her agent, the driver, for any negligence that might arise through the operation of the car while in his custody. * * * The car started out of control because of the carelessness of Bennie Rolling, in leaving the little boy behind in the front seat and the key in the ignition, giving the latter the opportunity to start the car.''

The court held:

''Under the testimony, Bennie Rolling, the driver, was negligent in leaving the car at the time and place, and in the condition which he did, and that Maprance Lundy, the owner of the car, is responsible for these acts of negligence of Bennie Rolling, her driver, who had with her consent, the control and management of the car, at the time and place in question.''

Appellant argues that the court erred in rendering judgment on a theory different from that set forth in plaintiff's declaration. We need not pass upon this question because the judgment must fall on the issue of the negligence of appellant's agent, Bennie Rolling. However, as to this question, see *Hallock* v. *Income Guaranty Co.,* 270 Mich. 448, the headnote of which reads:

''A variance between declaration and proofs not being brought to attention of trial court by objection, and being curable by amendment, will be regarded on appeal as cured by amendment.''

The controlling question is: Do the facts support the finding that Rolling's conduct in leaving the key in the ignition switch of the car constituted negligence?

The trial court was in error in determining that an automobile is a dangerous instrumentality. In

*Brinkman* v. *Zuckerman,* 192 Mich. 624, the court said:

"An automobile is not a 'dangerous instrumentality,' in the sense in which that term is used in the law."

See, also, *Stapleton* v. *Independent Brewing Co.,* 198 Mich. 170 (L. R. A. 1918 A, 916); *Tanis* v. *Eding,* 265 Mich. 94; and *Bowerman* v. *Sheehan,* 242 Mich. 95 (61 A. L. R. 859). Therefore, the ordinary rules of negligence apply.

It is elementary that, before conduct can constitute actionable negligence, such conduct must be contrary to what a reasonable and prudent man would have done under like circumstances, and that conduct must be found to be the proximate cause of the injury. The proper rule is stated in the headnote to *Clumfoot* v. *St. Clair Tunnel Co.,* 221 Mich. 113, as follows:

"In an action for personal injuries alleged to be the result of defendant's negligence, in order that the plaintiff may recover it must appear that his injury was the natural and probable consequence of a negligent act or omission of the defendant which under the circumstances an ordinarily prudent person ought reasonably to have foreseen or anticipated might possibly occur as a result of such act or omission."

It cannot be said that a reasonable man should have foreseen or anticipated that the act of leaving the key in the ignition switch of a car occupied by three adults and a boy would result in the injury complained of here. A reasonable man could not foresee that a six-year-old boy would in some manner release the emergency brake, put the gears in reverse, turn on the ignition switch, press the starter and start the car in reverse at a high rate of speed,

and that the car would crash into a building and injure a bystander.

It is argued that plaintiff should recover because of the language of the statute, 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). However, a part of that statute reads as follows:

"The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family."

The testimony shows that at the time of the accident the car was not being driven with defendant's consent, either express or implied, or by a member of her family.

The judgment is vacated, without a new trial. Costs to appellant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.