DISTRICT COURT OF HOBOKEN.

MICHAEL LOMANO, PLAINTIFF, v. IDEAL TOWEL SUPPLY CO., DEFENDANT.

Decided March 25, 1947.

For the plaintiff, *Morris Edelstein.*

For the defendant, *Reid, Kelly & Flaherty.*

BERONIO, D. C. J.   This is an action at law by Michael Lomano against the Ideal Towel Supply Co. for damages sustained to Mr. Lomano's automobile, by an automobile owned and operated by the defendant.

The plaintiff charges in his state of demand that on or about the 13th day of June, 1946, his automobile was parked in a lawful, careful and prudent manner on a business highway in the City of Jersey City and that on that day an employee of the defendant operated, managed, controlled and parked the said automobile truck in such a careless and negligent manner that the said truck collided with the automobile owned by the plaintiff.

The case was tried before me without a jury.  In brief, the evidence disclosed that the driver of the defendant's truck

left his automobile parked in front of the automobile of the plaintiff, and that in so doing, he left the ignition keys in his truck and went into his employer's premises.

The plaintiff called as one of its witnesses the driver of this truck and from his testimony, he admitted that the truck belonged to his employer and that he left the keys in the truck and that two boys about the age of ten years old, got into the truck, started the same up causing the truck to move backwards and damaging the plaintiff's car which was parked behind the truck. This witness also admitted that there were other occasions prior to this incident, when trucks of the same defendant, parked in the immediate area of the defendant's premises, were tampered with by other children who were minors while the said trucks were left unattended by the defendant's employees. Two police officers also testified that when they came to the scene of the accident they saw that the truck of the plaintiff was damaged.

The two boys who were responsible for starting up the truck testified that when they entered the truck the ignition keys were there and that they started the engine. The truck of the defendant thereupon moved backwards striking the plaintiff's automobile and causing damages.

At the conclusion of all the testimony, the defendant moved for a direction of a verdict in its favor on the ground that there was no liability on its part. The court denied the motion.

The plaintiff cited to this court the case of *Barbanes* v. *Brown,* which case was decided by the Supreme Court of New Jersey on December 3d, 1932, and reported in 110 *N. J. L.* 6; 163 *Atl. Rep.* 148.

In this Barbanes case our Supreme Court said: "The general rule is that a person who leaves an automobile in a public street, unattended, is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances; and, failure to exercise such care, whereby the machine, by force of gravity or by some other cause reasonably to be anticipated or guarded against gets under way and inflicts injury, renders such person liable therefore in an action for damages. *Spanko* v. *Spitalnick,*

101 *N. J. L.* 5; 127 *Atl. Rep.* 663; *Sheridan* v. *Arrow Sanitary Laundry Co.,* 105 *N. J. L.* 608; 146 *Atl. Rep.* 191."

Of course, motor vehicles are in common use and an automobile is not regarded as a dangerous instrumentality *per se,* but the possibility of danger from careless handling is obvious.

I find therefore, after weighing and considering all of the evidence, that the defendant could have reasonably anticipated or guarded against this contingency, especially in view of the fact that it had some knowledge prior to this accident that it's trucks were being tampered with by children in that neighborhood, and with that knowledge at it's command, nevertheless, took no precautionary measures to safeguard its automobile trucks, and was thereby negligent.

Judgment in favor of the plaintiff in the sum of $250 will therefore be rendered against the defendant.