**WAGNER, Plaintiff, v. ARTHUR, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 679112.   Decided March 6, 1956.

Harry Bishop, Austin T. Klein, Cleveland, for plaintiff.
Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant.

## OPINION

By FULTON, J:

Plaintiff claims to have been injured in Cleveland by an automobile owned by defendant but driven carelessly by one who stole it in Columbus, Ohio, where it had been parked on the street by the defendant owner who left the key in the ignition.

The defendant demurred to the petition on the ground that no cause of action is stated. The demurrer is sustained

It is conceded by both parties that this is a case of first impression in Ohio. The question presented rests solely upon the petition of which the well pleaded facts must be construed most favorably to plaintiff-pleader. Any inferences or implications suggested, or thought to be suggested, by plaintiff's interrogatories are disregarded

### THE PLEADED FACTS

Plaintiff was injured in Cleveland by the negligent operation of a Buick automobile **owned** by defendant but operated by one who "had earlier stolen said Buick automobile in Columbus, Ohio" where this thief was escaping police capture and who was, at the time of the accident, in Cleveland avoiding "capture by police who were in close pursuit."

The defendant parked his Buick "on a public street in Columbus, Ohio, unlocked and with the ignition keys in the ignition." The petition **asserts** that the defendant thus left his car and implies that it was unguarded.

### PLAINTIFF'S THEORY

The claim is that his leaving of the car as above described is negligence or at least presents an issuable question of negligence, the proximate result of which were plaintiff's injuries. Plaintiff then plants causation in the soil of foreseeability.

### GUIDING PRINCIPLES AND PURPORTED REASONING

An automobile is not inherently dangerous. **Williamson v. Eclipse Motor Lines, 145 Oh St 467.**

The permissive use by another of one's automobile does not fix li-

ability upon the latter for the other's careless operation ordinarily. **White Oak v. Rivoux, 80 Oh St 19.** An exception arises if the permissive user for any reason is an incompetent driver and so known to the owner.

The doctrine of reasonable foreseeability of the results of one's acts is a part of the negligence law of Ohio; and the questions of reasonable foreseeability and intervening proximate causality becomes a submissible fact question for the fact triers depending upon the attendant circumstances. **Mudrich v. Standard Oil Co., 153 Oh St 31.** Ross v. Hartman, 139 Fed. 2d. 14.

The White Oak case, supra, decided in 1913, remains unreversed case law. It decided, inter alia, that the mere showing that one is "the owner of" a "negligently operated automobile" is not enough to create liability against the owner. Prophetically by dictum in that case, it was written that "an automobile may be in the possession of one who wrongfully appropriates it to his own use" and implied that the negligence of such nonpermissive user should not be imputed to the owner of the vehicle.

A petition which recited that the owner left his car, as did the owner in this case, with key in ignition in violation of a **pleaded ordinance** in consequence of which a thief took it and while using it injured another was good against demurrer of the owner. **Garbo v. Walker, 71 Abs 368.** There the ordinance created a duty and the violation of that ordinance was negligence per se. No similar ordinance is pleaded in this case. There the initial act is the violation of a municipal ordinance, which in this state is negligence per se. Here the initial act is leaving the key or, as stated in the petition, the "keys" in the ignition. Such act is not negligence in law. It may not be negligence in fact. If it is debatably negligence in fact, it becomes an issuable question for the trier of the facts. If it be assumed that the act is either negligence in law or will be found to be negligence in fact, the solution of the instant problem is not thereby found. Was such act a factor of causation? Did such act proximately cause plaintiff's injuries or was it caused by an intervening force or agency which broke the causal connection, as probably foreseeable, between the initial act and plaintiff's injuries? Was the initial act such that the owner should have foreseen the subsequent events: (1) the theft, (2) the theft by one already sought by the police, (3) the driving of the automobile from Columbus to Cleveland, (4) the alleged careless driving of the self-borrower? It does not appear to this writer that defendant should have foreseen or anticipated the intervention of someone's else (this thief's) acts aforesaid.

It is true that proximate cause, generally is a fact question. But proximate cause should not be such issuable fact question as between an initial act and the ultimate result, if there has intervened forces which break the causal connection or, in the natural course of things, should not have been foreseen. This question of foreseeable risk is well portrayed in Richards v. Stanley, 271 F. 2d, 23 (1954):

"The problem is not answered by pointing out that there is a foreseeable risk of negligent driving on the part of thieves. There is a foreseeable risk of negligent driving whenever anyone drives himself or lends his car to another. That risk has not been considered so unreasonable,

however, that an owner is negligent merely because he drives himself, or lends his car to another, in the absence of knowledge on his part of his own or the other's incompetence. Moreover, by leaving the key in the car the owner does not assure that it will be driven, as he does when he lends it to another. At most he creates a risk that it will be stolen and driven. The risk that it will be negligently driven is thus materially less than in the case in which the owner entrusts his car to another for the very purpose of the latter's use."

In the absence of a statute or ordinance, the better **present** rule is that owners of automobiles who leave their cars unattended with key in ignition switches are not liable for negligent operation by those who steal their cars. Kiste v. Red Cab Inc., 106 N. E., 2d 395, (Ind. 1952). Galbraith v. Levin (Mass. 1948), 81 N. E., 2d 560. Curtis v. Jacobson (Maine 1947) 54 A. 2d, 520. Kinsley v. Von Atzingen (N. J. 1952) 90 A. 2d, 37.

One year earlier than the Kinsley case supra, the New Jersey Superior Court reached the same conclusion in absolving a taxicab company whose driver left the motor running at which time it was stolen by a passenger and thereafter negligently operated by him later to the injury of a third person. Reti v. Vaniska (N. J. 1951) 81 A. 2d, 377.

Indeed the Supreme Judicial Court of Massachusetts reached the conclusion of non-liability where the driver's opportunity to steal the owner's automobile was made possible by the owner's violation of an ordinance which forbade leaving the key in the ignition because any other view, thought the Court, would go far toward making the owner of a motor vehicle an insurer as to the consequences of every accident in which his automobile might become involved. Sullivan v. Griffin, 61 N. E., 2d, 330 (1945). This same result was reached in Illinois despite a statute, Cockrell v. Sullivan, 1951, 344 Ill. App. 620, 101 N. E. 2d, 878.

The **immediate cause** through the thief's alleged careless driving, as between him and defendant-owner, is the proximate cause of the collision. It is not an aid to, or united or concurring with, the key in the ignition switch.

The temptation was great to reach the opposite conclusion and to write philosophically on this question; to discuss man's industrial development from the manual to the simple tools era, to the mechanical-steam era, to the mechanical-electrical era, to the mechanical-electronic era and finally to the mechanical-atomic era; and thereby show society's benefit to each of its members; to show the duty and obligation of each, who enjoy society's benefits, to others in society; and to compare and present, by analogy, the theory of this plaintiff to that of the first plaintiff who succeeded in obtaining the engraftment of the doctrine of respondeat superior into our law. That temptation was set aside in favor of stare decisis, and to avoid too precipitous a change through an inferior court. The theory now contended for by the plaintiff in this case will become law some time either legislatively or judicially, and if by the latter process, it should be through the reviewing courts to whom the pioneer (the plaintiff) should appeal. The demurrer to the petition is sustained. Exceptions to the plaintiff.