37074. ROACH *v.* DOZIER.

DECIDED APRIL 9, 1958—REHEARING DENIED APRIL 28, 1958.

*Holcomb & Grubbs, J. M. Grubbs, Jr., Parker, Clary & Kent,* for plaintiff in error.

*Maddox & Maddox, James Maddox,* contra.

FELTON, Chief Judge. The plaintiff in error relies on the doctrine of law announced in the "turntable" or attractive nuisance cases. Originally, such doctrine applied to children of tender years and dealt with appliances, machinery or situations which were of such nature as to be almost inherently dangerous when children played upon them or became involved. That doctrine is not applicable under the facts of this case. It has been repeatedly held that the principle of the doctrine will not be extended. *Dawley* v. *Sheridan-Punaro Co.,* 93 *Ga. App.* 696, 699 (92 S. E. 2d 613). Cases involving the negligent keeping of explosives, which are dangerous by their very nature, so as to

permit children to have access to them, such as *Wallace v. Matthewson*, 143 *Ga.* 236 (84 S. E. 450) and *Mills* v. *Central of Ga. Ry. Co.*, 140 *Ga.* 181 (78 S. E. 816, Ann. Cas. 1914C 1098) are clearly not applicable.

We do not say that if an owner of a vehicle has actual knowledge that on previous occasions where he had left the key in a vehicle and the vehicle unattended, an incompetent driver had taken the vehicle on joy rides, a jury would not be authorized to find the owner negligent in subsequently leaving the keys in the vehicle and the vehicle unattended and accessible to the incompetent driver. However, such finding of negligence could not be based on the "turntable" or attractive nuisance doctrine but on the failure of the defendant to exercise ordinary care under the circumstances.

In the instant case the plaintiff alleges that the defendant knew or should have known in the exercise of ordinary care of the previous occasions when John Dixon had taken the vehicle on "joy rides." This amounts to an allegation of constructive notice only and such notice is insufficient to charge the defendant with the negligence sought to be charged against him in this case, that is, failure to anticipate that John Dixon would drive the vehicle if the keys were left therein and the vehicle was left unattended.

The plaintiff did not show other facts which would have put the defendant on notice that John Dixon might drive the vehicle when the keys were left therein and the vehicle unattended.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*