## 43859. PLYWOOD SUPPLY COMPANY v. ALLRID.

EBERHARDT, Judge. Plaintiff's unoccupied Volkswagen, parked in a lot at the northwest corner of Harris and Ivy Streets in Atlanta, was damaged when an unoccupied cab of the Red Top Cab Company rolled from where it had been parked on Harris Street onto the lot, striking a Chevrolet and causing it to strike plaintiff's Volkswagen.

Plaintiff sued Plywood Supply Company, along with the Red Top Cab Company and James A. Lacy (apparently the taxi driver) seeking to recover his damages, alleging that one of them, or a combination of them, had negligently allowed the unoccupied cab to roll from the street into the parking lot and cause the damage.

Defendant, Plywood Supply Company, moved for summary judgment, presenting in support of its motion an affidavit of George Worthy that he had driven its truck to a point on Harris Street opposite the Atlanta Gas Light Company building, parked it near the curb, turned the front wheels into the curb, set the hand brakes and had then gone into the gas building for about five minutes; that when he so parked the truck there were no vehicles parked either immediately in front of or behind the truck, and that on his return he found the truck in exactly the same place and situation as he had left it; that in so parking the truck he had not struck or caused any other vehicle to move or roll from its parked position.

In opposition plaintiff presented the affidavit of Lee C. Horne, who asserted that as he drove along Harris Street he saw the unoccupied cab of Red Top Cab Company, and saw a truck of Plywood Supply Company as it was being parked in front of the taxi, headed east, and at a distance of some six feet from it. After Horne parked his vehicle in a lot on the south side of Harris Street he noticed that the taxicab had rolled downward across the street and into a parking lot on the north side and had struck a vehicle parked there. The truck of Plywood Supply Company was still parked where he had seen the driver place it.

Plaintiff opposed the motion for summary judgment on the ground that there is conflict in the affidavits of Worthy and Horne, in that Worthy had stated that there were no vehicles *immediately* in front of or back of the truck when he left it parked, while Horne stated that he saw the truck when Worthy parked it and that it was at a distance of some six feet in front of the taxicab.

From a denial of the motion for summary judgment defendant Plywood appeals, the court having certified that its order was an appropriate one for appeal. *Held:*

The affidavits presented in connection with and in opposition to defendant's motion for summary judgment clearly demonstrate the lack of any basis for recovery against defendant Plywood. Even if the contended conflict in the affidavits could be said to raise some question as to how far the cab was parked behind the truck it does not appear that the truck had anything whatever to do with the rolling of the cab across the street and into the parking lot on the north

side. Nothing in the pleadings or in the evidence presented indicates that there was ever any contact between the cab and the truck. Both were left parked and unoccupied, but the uncontradicted evidence of Mr. Horne (a disinterested witness) that the cab was as much as six feet from the truck and that the truck remained where he had seen it parked leads to the only reasonable conclusion that the cab rolled out into the street, on across it and into the parking lot on the north, the truck being no causation factor. It is uncontradicted that after the event the truck was still parked in the same place and manner as when it had been left.

Denial of the motion for summary judgment was error. See *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700) ; *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580) ; *Ussery v. Koch,* 115 Ga. App. 463 (154 SE2d 879).

*Judgment reversed. Felton, C. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 3, 1968—DECIDED FEBRUARY 12, 1969.

*Wilkinson, Nance & Head, A. Mims Wilkinson, Jr., H. Garland Head, III,* for appellant.

*Rich, Bass, Kidd & Broome, R. Hopkins Kidd, William F. C. Skinner, Jr., Robert S. Whitelaw, Henning, Chambers & Mabry,* for appellee.