46138, 46139.   DON SWANN SALES, INC. v.
CARSWELL et al. (two cases).

WHITMAN, Judge. Robert Carswell and his wife, Mrs. Jancy Carswell, each brought suits against Andrew J. Sullivan alleging that Sullivan negligently collided his vehicle, a 1969 Chevrolet truck, into the rear of their automobile. Robert Carswell's complaint seeks recovery for medical expenses incurred on behalf of his wife and for loss of her consortium. Mrs. Carswell's complaint seeks recovery for pain and suffering and loss of wages.

Also named as a defendant in each complaint was Don Swann Sales, Inc. It was alleged that the defendant corporation was jointly and severally liable with Sullivan in that it owned the truck which Sullivan was driving, and further that Sullivan was an agent, servant and employee of the defendant corporation and was about the latter's business when the collision occurred.

The defendant corporation moved for summary judgment in both cases based on the complaints and the answers thereto. Also offered in support of the motions were the affidavits of Thomas W. Priddy and Donald M. Swann who were the manager and president, respectively, of the defendant corporation. The affidavit of defendant Sullivan and his deposition taken for the purpose of cross examination and discovery were also before the court for consideration on the motion.

The motion for summary judgment was denied but was certified for review. Held:

The motion for summary judgment should have been granted. The allegation in the complaints that Sullivan was at the time acting as agent, servant and employee of the defendant corporation, a fact essential for recovery against the defendant corporation under the doctrine of respondeat superior, was pierced. It was shown without any dispute that Sullivan on this occasion had driven his employer's truck home on Saturday evening after completing his delivery schedule instead of returning the truck to the company yard. On the following morning, Sunday, Sullivan decided to use the truck to go to the post office where he intended, in his own interest, to pick up per-

sonal mail. It was during this trip the collision occurred.

The evidence shows without any dispute that the defendant corporation had prior to this incident established as policy, and had posted written instructions to such effect on a bulletin board, that employees were to return their delivery trucks to the company yard at the end of each day's delivery schedule and to leave them there until the next working day; and that the delivery trucks were never to be driven for personal non-company business purposes. The evidence further shows that Sullivan did not have any special permission to take the truck home on this occasion and that he did so contrary to the company policy and without any superior's knowledge.

Mere ownership of a vehicle being an insufficient basis upon which to predicate liability, and it having been shown without dispute, contrary to the inference which arises from the use of a company vehicle by a company employee, that the vehicle had been taken contrary to an established company policy of which the employee was aware, and further was taken without permission or knowledge of any superior, and further that the use made of the vehicle was in no wise in the furtherance of the defendant corporation's business, the defendant corporation established a prima facie case for the judgment sought. See *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (1) (166 SE2d 593); *Brown v. Sheffield,* 121 Ga. App. 383, 384 (173 SE2d 891); *Harper v. Brown,* 122 Ga. App. 316 (176 SE2d 621).

*Judgment reversed in both cases. Hall, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 6, 1971—DECIDED JUNE 25, 1971.

*Greer & Murray, Kenneth C. Pollock, Henry R. Bauer, Jr., Malcolm S. Murray,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Wyche Fowler, Jr.,* for appellees.