## 48618. ROBINSON v. POLLARD et al.

CLARK, Judge.

This appeal is by Robinson, plaintiff below, from a summary judgment holding no legal liability upon defendant Pollard who was the owner of a large truck which had been driven into the rear of plaintiff's car. The defense accepted by the court below was that the truck was at the time being driven by an individual named Porter, a total stranger to defendant, not an employee, and thus not authorized to have possession of the truck.

Plaintiff seeks to hold Pollard liable on the basis of "special circumstances." In doing so reliance is placed upon an allegation that the truck was left at a service station in a high crime area in Atlanta with the keys remaining in the ignition, this having been done by an employee named Bowden. Claiming Bowden had a propensity for imbibing alcohol in excess, particularly on week-ends, there is an additional theory of "negligent entrustment."

At the date of the occurrence Pollard had been engaged for approximately 5 1/2 years in operating a business known as City Van Service. He owned six trucks and had five employees including Bowden. He had rented

the premises at the corner of Simpson and West Lake Drive in Atlanta, to provide a location for parking his trucks and where mechanical repairs could be made. This location was near both his residence and that of Bowden. Around 7 a.m. on Saturday morning September 9, 1972, Bowden, who was entrusted with the keys to the large Mack truck he operated, undertook to warm-up the motor so that the truck would be ready for use if needed. Around 7:15 a.m. Pollard informed him that the truck would not be used that day. Both Pollard and Bowden departed from the scene. Apparently the ignition keys were not removed. Around 1 p. m. that afternoon a collision occurred between plaintiff's automobile and Pollard's truck. It was then being driven by Porter but it is not clear as to how he came into possession of the truck. In any event, he was not authorized to use it and he was in no way connected with the owner of the truck.

1. Appellant seeks to establish liability on the truck owner by averring a legal theory of "special circumstances." In doing so reliance is placed upon the California case of Hergenrether v. East, 61 Cal. 2d 440 (393 P2d 164) which has a factual basis somewhat similar to the case at bar in that a truck had been parked on the street in a skid-row neighborhood with the key left in the ignition. The California court held that in view of the "special circumstances" the matter of foreseeability and negligence was for the jury to determine. This California case is contrary to the overwhelming majority[1] view as noted in 51 ALR2d 633 where the annotation points out that in most jurisdictions a third party cannot recover from the owner or operator who leaves keys in an ignition in the absence of a statute obligating the motorist to remove his keys from the ignition when leaving his car unattended on a public street.

Although the California court ruled there were

---

[1]Our evaluation is based upon the entire ALR annotation, particularly § 17 sub-titled "Thieves," containing those decisions in which the intermeddlers had stolen the vehicles. See also page 649 for editorial comment.

"special circumstances" it should be noted in that case that the vehicle was left on the street. In the instant case the vehicle was left on private property at a service station. This business establishment was convenient for the owner and his employee as they resided in the neighborhood. Even if the employee had left the ignition keys in this big truck at 7:15 a.m. it was not foreseeable that five hours later this large vehicle would be taken from private property by a party who had no relationship of any kind with the owner.

Additionally, mere ownership of a motor vehicle does not create liability upon the owner. *Price v. Star Service & Petroleum Corp.,* 119 Ga. App. 171 (4) (166 SE2d 593); *Finnocchio v. Lunsford,* 129 Ga. App. 694, 695 (201 SE2d 1 ). Nor can we accept appellant's theory that a large diesel truck should be regarded as a dangerous instrumentality in the light of our many decisions refusing to hold a motor vehicle to be in this category as exemplified by the early case of *Fielder v. Davison,* 139 Ga. 509 (77 SE 618) and subsequent cases appearing in Shepard's Citations.

In two Georgia cases wherein this court has been called upon to decide this question concerning ignition keys we have held there is no liability arising from the fact of keys being left in a car. In *Roach v. Dozier,* 97 Ga. App. 568 (103 SE2d 691) plaintiff sought to hold a defendant, whose nephew had taken the family business funeral hearse liable under the attractive nuisance doctrine. This court rejected the concept that the hearse could come within the attractive nuisance doctrine and ruled there was no liability. The court added that even if the defendant had constructive notice of previous "joy rides" by the nephew he could not have breached his duty of ordinary care by leaving the keys in the ignition. The defendant could only have been found negligent if he possessed actual knowledge that his nephew previously used the hearse.

In *Chester v. Evans,* 115 Ga. App. 46 (153 SE2d 583) this court ruled no liability could be imposed upon a father for leaving the keys in his automobile which was being driven by his 13- year-old son at the time of the accident in the absence of an allegation that his son had

previously disobeyed his instructions not to drive the car. It should be noted that in the case sub judice there is no showing of any prior practice of keys being left in the truck nor of any previous conduct of the type plaintiff has complained of so as to create a reasonable foreseeability that the large truck was likely to be stolen from the service station.

2. The case which we regard as controlling upon the case at bar is *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891). We quote applicable portions of headnotes 1, 2 and 3 as being dispositive of this case: "1. The owner of a vehicle is not liable under the doctrine of respondeat superior for injuries inflicted by negligence of the operator while it was being operated on a mission purely personal to the operator. 2. (a) Unless it appears that the owner had actual knowledge of the operator's incompetency as a driver there is no liability on the owner's part on the theory of negligent entrustment. . . 3. (a) When one drives the vehicle of another contrary to the owner's express instructions not to do so, and without the knowledge or consent of the owner, there is no entrustment of the vehicle to the driver, and the owner can not be held on the theory of negligent entrustment." Here Bowden had received specific instructions from Pollard that the vehicle was not to be used for personal matters and that under no circumstances was he to allow any other person to operate his equipment.

3. Since the record discloses the absence of a legal right of recovery against the truck owner the grant of a summary judgment to defendant Pollard by the trial court was correct. *Plywood Supply Co. v. Allrid,* 119 Ga. App. 182 (166 SE2d 401) and *Crawford v. McDonald,* 125 Ga. App. 289, 293 (187 SE2d 542).

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Quillian and Stolz, JJ., concur. Pannell, J., concurs in the judgment only. Deen and Evans, JJ., dissent.*

ARGUED SEPTEMBER 17, 1973 — DECIDED JANUARY 30, 1974 — REHEARING DENIED MARCH 5, 1974 —

*Webb, Parker, Young & Ferguson, Thomas L. Murphy,* for appellant.

*Charles E. Walker, Palmer H. Ansley,* for appellees.

DEEN, Judge, dissenting.

Construing the affidavits, depositions, etc., along with the pleadings on motion for summary judgment of the defendant in favor of the party opposing the motion, we have the following facts and permissible inferences: Pollard ran his business on a corner lot near his home, near the home of his employee Bowden, and across the street from a liquor store. Bowden customarily drank heavily on weekends. The employees normally did not work on weekends, but it was a custom for some of the employees and others in the neighborhood to congregate at this place on Saturdays to talk and drink. Bowden did not know whether Pollard actually knew this was going on or not, but the plaintiff's position is that he had either actual or constructive knowledge. Bowden was instructed by his employer Pollard to report one Saturday morning as there might be some hauling. Pollard had entrusted Bowden with the keys to the truck. Bowden, arriving early with the keys in his pocket, "warmed up" the motor. Pollard, arriving, told him there would be no work after all, and Pollard went away. Bowden is not sure whether at this time he left the keys in the truck or not, but he does swear that within the next few hours some of the habitues arrived, he stayed on, they got liquor from the liquor store and proceeded to get drunk, and then the employee Bowden and his friend *drove away together* in the truck. Bowden had been instructed not to let anybody else drive the truck, so in this act he was both disobeying orders and was not in the course of his employment. Apparently he customarily had control of this truck. One inference from the evidence arising from the fact that Porter, immediately after the wreck, informed questioners of the house where Bowden could be found, is that Bowden, who does not remember how he got there, was dead drunk and Porter drove him to the house and left him there. This amounts to a conversion on the part of Porter, who then drove away, but there is no clear inference as to any intent to steal.

Porter then negligently collided with the plaintiff's vehicle.

The case does not hinge on whether or not Porter was a thief, but on whether or not Pollard negligently entrusted the vehicle and keys to Bowden over the weekend when he knew or should have known that Bowden drank heavily over the weekend and when he was drunk was likely to be unreliable. Neither does it rest on any doctrine of respondeat superior, since the owner of a vehicle is not liable under this theory for injuries inflicted by the negligence of an employee who is using the car on a personal mission and against company rules. *Don Swann Sales v. Carswell,* 124 Ga. App. 141 (183 SE2d 218). But the safekeeping of the truck over the weekend, if in Bowden's charge, would also be in the course of his employment.

The plaintiff must therefore make a jury question on three issues: negligence of Porter, negligence of Bowden, and negligent entrustment by Pollard. The negligence of Porter is supported by evidence. Bowden might have been negligent (a) in failing to safeguard the vehicle, especially in a "high crime" neighborhood and with the knowledge that there were drunks and criminals in the area, (b) in disobeying instructions, and (c) in leaving the vehicle with keys in it and the motor running (which is the last he remembers of its condition). There may be negligence in leaving a car unattended under conditions where unauthorized persons may cause damage, *Buffalo Holding Co., Inc. v. Shores,* 124 Ga. App. 868 (186 SE2d 339), but this in and of itself will not bind the employer where the mission is personal to the employee. Id., Headnote (1). So the crucial issue in this case is negligent entrustment, and this depends on whether Pollard knew, as alleged, that Bowden drank heavily on weekends, that drunks congregated around his place of business on Saturdays, and other facts from which he should have anticipated that Bowden would care for it in a competent manner or turn it over to another incompetent to drive. Where circumstantial evidence authorizes an inference that the defendant knows the driver to be incompetent, a case for negligent entrustment may be made. *Harris v. Smith,* 119 Ga. App.

306 (167 SE2d 198).

Moreover, if Porter be considered merely as a thief, I consider the annotation in 51 ALR2d 633, 662, § 17 (Thieves) as also supporting my view that a jury question is presented: "On the other hand, if, at the time of the negligence, the criminal act might reasonably have been foreseen, the causal chain is not broken by the intervention of [the larceny]."

I respectfully dissent.

EVANS, Judge, dissenting.

The majority opinion holds there was nothing for a jury to pass upon in this case, and affirms the trial court in granting a summary judgment for the defendant.

This is a case of first impression in Georgia. The facts are that Pollard, defendant, employed Bowden, as truck-driver. Bowden had a propensity for drinking alcoholic beverages to excess, particularly on weekends, which was well known by his employer. Nevertheless, on a Saturday morning Bowden was entrusted with the keys to a large Mack truck owned by defendant. Bowden warmed the truck up at 7:00 a.m., preparatory to driving the truck during the day for defendant, but was notified around 7:15 a.m. that the truck would not be used that day. Bowden walked away and left the truck unlocked, and with the ignition keys in the same, in a high-crime area in Atlanta. An intermeddler, stranger to both defendant and the truck-driver, got into the truck and drove it away from its parked position, and collided with plaintiff's automobile.

This is not a case where a child drives his father's automobile after locating the keys, and the question of a father's responsibility for the conduct of his minor child is not here involved. Despite that, the majority opinion cites two parent-and-child cases as its authority for holding there was no jury issue as to liability, to wit, *Roach v. Dozier,* 97 Ga. App. 568 (103 SE2d 691), where a 15-year-old son drove his father's hearse without permission and caused a collision; and *Chester v. Evans,* 115 Ga. App. 46 (153 SE2d 583), where a 13 year-old-child drove his father's Dodge automobile without permission and caused a collision. We repeat that these cases are

inapplicable. The majority states that it considers *as controlling* the case of *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891), which was decided squarely on the doctrine of respondeat superior and on doctrine of negligent entrustment to an incompetent driver. It was held that declaratory judgment should have been granted as to Count 1 (respondeat superior), and should *not* have been granted as to Count 2 (negligent entrustment). It is more than a little difficult to understand how the majority opinion can contend that the above authority is controlling as to the case now under construction, and how it supports the position of the majority, *especially as it was there held a good cause of action was set forth as to negligent entrustment.*

*Not a single one of the three Georgia cases cited involves the leaving of a motor vehicle parked in a high-crime area, unlocked, and with the ignition keys in the ignition switch!*

The majority opinion comments on the California case of Hergenrether v. East, 61 Cal. 2d 440 (393 P2d 164), which involved a truck parked on the street in a skid-row neighborhood with the key left in the ignition, and states that the California court held that a jury question of liability was thus presented. (These are facts very kindred to the facts in the case sub judice).

And then the majority opinion makes this amazing statement: "This California case is contrary to the overwhelming majority view as noted in 51 ALR2d 633 where the annotation points out that in most jurisdictions a third party cannot recover from the owner or operator who leaves keys in an ignition in the absence of a statute obligating the motorist to remove his keys from the ignition when leaving the car unattended on a public street." I do not read 51 ALR2d as do my distinguished associates. I believe exactly the reverse of the foregoing statement is true, and that a vast majority of the cases cited in 51 ALR2d 633 et seq. *support* a cause of action against one who leaves keys in the ignition switch in a place where the car might reasonably be driven off by a third person; and at the very least, a jury question is made as to liability.

First of all, page 633, which the majority cites, is an

Index only, and lists: "Locking ignition or door, 646. Disposition of keys, 651." Now, I feel compelled to quote from those pages and other pages following in context in rebuttal of the majority opinion's assertion that this volume of ALR shows the vast majority view in most jurisdictions is against recovery as to the operator who leaves car keys in the ignition switch. The language at page 646 is as follows: "Numerous cases hold or recognize that failing to secure the ignition switch of a motor vehicle and leaving the door unlocked, when parking such a vehicle in a public street, are circumstances tending to establish negligence which gives rise to liability where the vehicle is thereafter set in motion *by an intermeddler*, and injury or damage to another results.

"Connecticut.—Block v. Pascucci (1930) 111 Conn 58, 149 A 210.

"District of Columbia.—Ross v. Hartman (1943) 78 App DC 217, 139 F2d 14, 158 ALR 1370, cert den 321 US 790, 88 L ed 1080, 64 S Ct 790; Bullock v. Dahlstrom (1946, Mun Ct App Dis Co) 46 A2d 370.

"Illinois.—Ney v Yellow Cab Co. (1954) 2 Ill2d 74, 117 NE2d 74, 51 ALR2d 624; Moran v Borden Co. (1941) 309 Ill App 391, 33 NE2d 166; Ostergard v Frisch (1948) 333 Ill App 359, 77 NE2d 537, 22 NCCA NS 490.

"Louisiana.—Maggiore v. Laundry & Dry Cleaning Service, Inc. (1933, La App) 150 So 394.

"Maine.—Hatch v. Globe Laundry Co. (1934) 132 Me 379, 171 A 387.

"Massachusetts.—See Malloy v. Newman (1941) 310 Mass 269, 37 NE2d 1001, overruled on another ground in Galbraith v Levin (1948) 323 Mass 255, 81 NE2d 560, infra, § 14.

"Minnesota.—Wannebo v. Gates (1948) 227 Minn 194, 34 NW3d 695.

"New Hampshire.—Barlow v. Verrill (1936) 88 NH 25, 183 A 857, 104 ALR 1126.

"New Jersey.—Lomano v. Idea Towel Supply Co. (1947) 25 NJ Misc 162, 51 A2d 888.

"New York.—Tierney v. New York Dugan Bros. (1942) 288 NY 16, 41 NE2d, 140 ALR 534; Lee v Van Buren & N.Y. Bill Posting Co. (1920) 190 App Div 742, 180 NYS 295; Gumbrell v. Clausen-Flanagan Brewery (1922)

114

199 App Div 778, 192 NYS 451; Teich v. Ruppert (1922) 201 App Div 682,194 NYS 645; Connell v. Berland (1928) 223 App Div 234, 228 NYS 20, affd 248 NY 641, 162 NE 557.

"North Carolina.—Campbell v Model Steam Laundry (1925) 190 NC 649, 130 SE 638.

"Ohio.—Garbo v Walker (1955, CP) 57 Ohio Ops 363, 71 Ohio L Abs 368, 129 NE2d 537; Wagner v Arthur (1956, CP) 73 Ohio L Abs 16, 134 NE2d 409.

"South Carolina.—Pfaehler v Ten Cent Taxi Co. (1942) 198 SC 476, 18 SE2d 331.

"Tennessee.—Morris v. Bolling (1948) 31 Tenn App 577, 218 SW2d 754."

Indicating the paucity of cases to the contrary, note the following guarded language at page 649, to wit:

*"In some cases* the view has been taken that the parking of a motor vehicle in a public street with the ignition switch unsecured and the doors unlocked is, as a matter of law, insufficient by itself to support a finding of negligence with respect to the parking of the vehicle, at least in the absence of a statute or ordinance requiring that designated precautions be taken." (Emphasis supplied.) But notice the language at page 652:

*"In a number of cases the opinion has been expressed that the particular injury or damage involved was not, or the jury could properly find it was not,* the natural, probable, or foreseeable consequence of negligent conduct in the parking of a motor vehicle on a public street, where such vehicle was later put in motion by the act of a stranger or unauthorized person."

Please note that the question of liability, in the foregoing cited cases, is left for *determination by a jury.*

"California.—Richards v. Stanley (1954) 43 Cal2d 60, 271 P2d 23, superseding (Cal App) 260 P2d 277.

"Illinois.—Cockrell v Sullivan (1951) 344 Ill App 620, 101 NE2d 878; Barton v Williams (1955) 4 Ill App2d 266, 124 NE2d 356.

"Indiana.—Kiste v Red Cab, Inc. (1952) 122 Ind App 587, 106 NE2d 395.

"Louisiana.—Tabary v New Orleans Public Service (1932, La App) 142 So 800; Boudreaux v New Orleans Public Service (1932, La App) 142 So 802; Castay v Katz

& Besthoff (1933, La App) 148 So 76; Midkiff v Watkins (1951, La App) 52 So 2d 573.

"Michigan.—Roberts v Lundy (1942) 301 Mich 726, 4 NW2d 74, infra, § 18.

"New Jersey.—Saracco v Lyttle (1951) 11 NJ Super 254, 78 A2d 288; Reti v. Vaniska, Inc. (1951) 14 NJ Super 94, 81 A2d 377, cert den 8 NJ 39, 83 A3d 665; Kinsley v Von Atzingen (1952) 20 NJ 378, 90 A2d 37.

"New York.—Tierney v New York Dugan Bros. (1942) 288 NY 16, 41 NE2d 161, 140 ALR 534; Mann v Parshall (1930) 229 App Div 366, 241 NYS 673.

"Ohio.—Wagner v Arthur (1956, CP) 73 Ohio L Abs 16, 134 NE2d 409.

"Pennsylvania.—Rapczynski v W. T. Cowan, Inc. (1940) 138 Pa Super 392, 10 A2d 810.

"Tennessee.—Morris v Bolling (1948) 31 Tenn App. 577, 218 SW2d 754.

"England.—Ruoff v Long & Co. (Eng) [1916] 1 KB 148 - Div Ct." (Emphasis supplied.)

It must be noted that even these cases make it a *question for the jury,* and not a summary judgment or directed verdict adjudication.

Again, at page 657: "However, *in a number of other cases,* it has been held or recognized that where the owner of a motor vehicle left it parked unattended and unlocked in the street, and it was thereafter set in motion by a stranger or intermeddler, causing damage or injuring another, the owner was liable for the resulting damages, and the act of the intermeddler did not necessarily constitute an efficient intervening cause.

"Illinois.—Ney v Yellow Cab Co. (1954) 2 Ill2d 74, 117 NE2d 74, 51 ALR2d 624; Moran v Borden Co. (1941) 309 Ill App 391, 33 NE2d 166; Ostergard v Frisch (1948) 333 Ill App 359, 77 NE2d 537, 22 NCCA NS 490.

"Louisiana.—Maggiore v Laundry & Dry Cleaning Service, Inc. (1933, La App) 150 So 394.

"Maine.—Hatch v Globe Laundry Co. (1934) 132 Me 379, 171 A 387, infra, § 16.

"North Carolina.—Campbell v Model Steam Laundry (1925) 190 NC 649, 130 SE 638.

"Pennsylvania.—Don v J. S. Ivins Sons, Inc. (1926) 90 Pa Super 105.

"South Carolina.—Pfaehler v Ten Cent Taxi Co. (1942) 198 SC 476, 18 SE2d 331.

"Tennessee.—Morris v Bolling (1948) 31 Tenn App 577, 218 SW2d 754." (Emphasis supplied.)

For the foregoing reasons, I dissent, as I would reverse the judgment granting summary judgment for the defendant.