FRED A. BARBANES, PLAINTIFF-APPELLEE, v. FRED-
ERICK A. BROWN, DEFENDANT-APPELLANT.

Submitted May 14, 1932—Decided December 3, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Maurice J. McKeown.*

For the appellee, *Barkman & Shauer.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below sued to recover for damage to his automobile done by the defendant's automobile. The trial judge, sitting without a jury, found for the plaintiff and the defendant appealed from the judgment.

The defendant specified as the determination with respect

to which he was dissatisfied only this: That the trial judge rendered a verdict in behalf of the plaintiff, whereas he should have rendered a verdict of no cause of action.

At the trial it appeared, without dispute, that the defendant parked his automobile on the northerly side of Morris street, in Morristown, at the curb at a point where there was considerable grade; that shortly thereafter, without driver or occupant, it rolled backwards by force of gravity down grade along and across the street and collided with and damaged the automobile of the plaintiff lawfully parked on the southerly side of the street.

Of course, the unexplained presence upon a public highway of a "runaway" automobile, without driver or occupant, running down grade along and across the street and colliding with and damaging another automobile lawfully there, raises a *prima facie* presumption of negligence upon the part of the owner of the runaway automobile. *Sheridan* v. *Arrow Sanitary Laundry Co.,* 105 *N. J. L.* 608.

The sole question presented and argued is whether at the close of the case the evidence adduced was of such a character as to overcome the proof and presumption of defendant's negligence, and to require the court, sitting as a jury, to find for the defendant.

The general rule is that a person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances; and failure to exercise such care, whereby the machine by force of gravity, or by some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor in an action for damages. *Spanko* v. *Spitalnick,* 101 *N. J. L.* 5; *Sheridan* v. *Arrow Sanitary Laundry Co., supra.*

Now an examination of the entire evidence discloses, among other things, that the defendant parked his car *facing up the hill* with the front wheel "pitched" against the curbstone, applied the emergency brake, "put the car in one of the four forward speeds," and "turned the motor off" and then left it. If that were all, a question different from the one now presented would arise. But that is not all. The evidence fur-

ther tends to show that when the defendant parked his car, he left in the car two small mischievous and irresponsible children, whom he had with him, and that, after he departed, these children, seated on the front seat, played and meddled with the machinery, and jumped out before the car started to roll *backwards* down the hill.

We think it was therefore open to the judge, sitting without a jury, to find that the presumption of negligence arising from the plaintiff's proof had not been overcome, and that the defendant's negligence was the proximate cause of the injury to the plaintiff's car. *Davenport* v. *McClellan,* 88 *N. J. L.* 653; *Lee* v. *VanBuren and New York Bill Posting Co.,* 190 *App. Div.* (*N. Y.*) 742; *Gumbrell* v. *Clausen-Flanagan Brewery,* 199 *Id.* 778; *Maloney* v. *Kaplan,* 233 *N. Y.* 426.

It was the duty of the defendant to exercise such care as a person of ordinary prudence would exercise in the circumstances to prevent the car from rolling down the hill by force of gravity or some other cause reasonably to have been anticipated or guarded against. As we have pointed out, he left the car *facing up the hill* with the front wheel against the curbstone. It rolled down the hill *backwards.* The evidence tended to show that he left two small mischievous children on the front seat; that these children were without capacity to estimate or appreciate the danger of meddling with the machinery of the car, and of course it might well be inferred that in the exercise of reasonable care the defendant should have anticipated the ordinary behavior of children in such circumstances. It was open to the judge, sitting without a jury, to find that he knew, or should have known, that the circumstances were such as to suggest the necessity of care against possible or probable interference by the children with the machinery of the car, which if released would result in its rolling down the hill, considering the way it was parked. In short, the evidence, considered as a whole, amply justified the conclusion that the defendant failed to exercise reasonable care, and that such negligence was the proximate cause of the injury to the plaintiff's car.

A jury question having been presented on the essentials of the liability of the defendant, the judgment must be affirmed, with costs.