8 N.J. Super. 275 (1950)
74 A.2d 322
CHARLES RETI, PLAINTIFF-APPELLANT,
v.
VANISKA, INC., A CORPORATION OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1950.
Decided June 21, 1950.
*276 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Jacob E. Max argued the cause for appellant; Mr. Bernard Chazen, on the brief.
Mr. William H.D. Cox argued the cause for respondents (Messrs. Cox & Walburg, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Defendants' motion to dismiss, made at the end of the plaintiff's opening, was granted and the plaintiff appeals from the judgment of dismissal entered thereon in the Union County Court, Law Division.
In the plaintiff's opening it was stated that his suit was against Vaniska, Inc., the owner of a taxicab, and William *277 Gisinger, an employee of Vaniska, Inc., who operated the taxicab, and that Gisinger, while operating the taxicab, stopped and left it unlocked, unattended, and with the key in the ignition. While the taxicab was unattended, unlocked and with the key in the ignition, another man came along and drove away in the taxicab. This person was intoxicated and drove the car carelessly and negligently into the vehicle that the plaintiff was driving, and as a result the plaintiff was injured. Further, "we will prove that the defendant Vaniska, Incorporated, through William D. Gisinger, the taxi driver, was negligent and careless in that they did not do what was reasonably and prudently required of them, that is to lock this vehicle or not to leave it unlocked and unattended at the time, and that was the proximate cause of the occurrence that occurred later on in which this plaintiff was injured."
The defendants' attorney then asked if the plaintiff claimed that the man who was driving the taxicab at the time of the accident was in the employ of the defendant, Vaniska, Inc., or was requested to drive the taxi by either defendant. When the plaintiff admitted that he made no such claim, the defendant moved for dismissal on behalf of both defendants "on the ground that there is no evidence or no offer to prove any evidence which would indicate any negligence upon the part of either of these defendants, would be the proximate cause of the happening of the accident to Mr. Reti."
In answer to questions by the court, the plaintiff admitted that some strange person other than defendant was driving the car; that such person was not driving as agent of either of the defendants; and stated that the plaintiff's claim was that this strange person negligently drove into the plaintiff's car with the taxicab which the defendants had negligently left unlocked and unattended. The court then granted the motion for dismissal on the ground that "it is obvious from the plaintiff's opening that this collision is charged to have occurred because of the negligence of an intervening agency which had no relation whatever to the defendants and that no cause of action has been shown by the opening."
*278 Over forty years ago, in Kelly v. Bergen County Gas Co., 74 N.J.L. 604 (E. & A. 1907), Chancellor Magie, in dealing with a case in which the trial judge had directed a nonsuit upon the opening of a plaintiff, said:
"A motion for a nonsuit upon the opening of counsel is not frequently resorted to. In dealing with it, it is obvious that the rule which is applied to a motion for a nonsuit at the close of plaintiff's evidence is the one which should be applied. In both cases, the question presented is whether the facts stated or proved, and reasonable inferences which may be drawn therefrom, disclose that the plaintiff is not entitled to submit his case to the jury, because a verdict in his favor could not be maintained. In practice, a motion for a nonsuit, made upon the opening of counsel, is, perhaps, more liberally treated than an application for a nonsuit at the close of the plaintiff's case. In the former case, if objection be made to a statement too meagre to sustain the plaintiff's case, counsel will, doubtless, be permitted to enlarge his statement. But in the haste required by the pressure of business at the present day, counsel, in general, restrict themselves to a mere outline of the case they design to present.
"The opening appearing in the bill of exceptions is somewhat meagre, and if objected to on that ground, counsel would, no doubt, have been permitted to make his statement more complete."
Under our former practice a nonsuit did not preclude the plaintiff from commencing another action, but under our new Rules (Rule 3:41-2), the granting of the motion to dismiss operates as an adjudication on the merits in favor of the defendant, unless the order of dismissal otherwise specifies. Summary disposition on counsel's opening should not be employed unless the facts are undisputed and the law involved is clear. Ross v. Orr, 3 N.J. 277 (1949).
The applicable test of this opening is that set forth in Barbanes v. Brown, 110 N.J.L. 6 (Sup. Ct. 1932): "The general rule is that a person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances; and failure to exercise such care, whereby the machine by force of gravity, or by some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor *279 in an action for damages." No claim was made that either defendant violated any provision of a statute or ordinance. See Annotation 158 A.L.R. 1374.
The plaintiff's opening was so meager that it failed to state a prima facie case. Plaintiff was put on notice thereof by the defendants' motion to dismiss. To avoid dismissal on his opening, the plaintiff was obliged to offer to prove circumstances, under which the taxicab was left unattended, which would permit a finding of negligence on the part of the defendants and a finding that such negligence was the proximate cause of plaintiff's injury. This the plaintiff failed to do. In partial explanation, the plaintiff asserts that he understood the holding of the court below to be that there could be no recovery unless the plaintiff could show that the stranger was in the employ of the defendants or was requested to drive the car by either defendant.
Since the dismissal was on the opening and a final judgment entered, and some misunderstanding might have occurred, we think that there should be a reversal to insure that substantial justice is done. However, no costs will be allowed to the plaintiff on this appeal because of his failure to comply with the obligation which the law imposes upon him.
The judgment is reversed without costs.