11 N.J. Super. 254 (1951)
78 A.2d 288
PHILLIP SARACCO, PLAINTIFF-APPELLANT,
v.
SAMUEL LYTTLE, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1950.
Decided January 18, 1951.
*256 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Charles C. Carroll argued the cause for the appellant (Mr. Dominic Cavaliere, attorney).
Mr. Charles C. Stalter, attorney for and of counsel with defendants-respondents, argued the cause.
The opinion of the court was delivered by PROCTOR, J.A.D.
The plaintiff's suit was against defendant, Samuel Lyttle, as owner, and defendant, Dominick Padula, as driver of an automobile which collided with the automobile of the plaintiff. At the end of the entire case the court granted defendant Lyttle's motion for judgment and sent the case against defendant Padula to the jury. The jury returned a verdict in favor of the plaintiff against Padula. The plaintiff appeals from the judgment entered in favor of the defendant Lyttle.
On July 23, 1949, at 4:35 P.M., Lyttle parked his car, unlocked and with the key in the ignition switch, on a public street in a residential area in front of the home of the Padula family. He entered the Padula home for a brief visit and while there fell asleep. Co-defendant, Dominick Padula, age 17, came home and on seeing the car unlocked, started it and drove off. After travelling several blocks he collided with plaintiff's vehicle. Lyttle was unaware that his car had been taken until he was informed of it five or ten minutes after the collision.
It is the plaintiff's contention that the question of Lyttle's negligence should have been submitted to the jury.
*257 The applicable test in the present situation is that set forth in Barbanes v. Brown, 110 N.J.L. 6, 7 (Sup. Ct. 1932):
"The general rule is that a person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances; and failure to exercise such care, whereby the machine by force of gravity, or by some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor in an action for damages."
No claim was made that Lyttle violated any provision of a statute or ordinance. See Note, 158 A.L.R. 1374.
Under the facts of the present case, it was not reasonably to be anticipated that an intermeddler would not only drive the car away but also would later negligently operate it. The leaving of the automobile unlocked afforded an opportunity for the unlawful taking by Padula, but this was merely a circumstance and not the proximate cause of the collision. Responsibility for an accident cannot attach to one unless his act or failure to act was the proximate cause of the injury. The proximate cause of the collision was the unskillful handling of the car by Padula. The negligence of the intermeddler, in driving into the vehicle of plaintiff, was an intervening efficient cause interrupting the chain of causation between defendant Lyttle's act in leaving his key in the ignition switch (whether or not such act in itself constitutes negligence) and the damage to the plaintiff. See Restatement, Torts, §§ 447, 448; Cuff v. The Newark and New York Railroad Company, 35 N.J.L. 17 (Sup. Ct. 1870); affirmed, 35 N.J.L. 574 (E. & A. 1871); Morril v. Morril, 104 N.J.L. 557 (E. & A. 1928); Breker v. Lakewood Water Co., 12 N.J. Misc. 721 (Sup. Ct. 1934); Anderson v. Theisen, 43 N.W.2d 272 (Sup. Ct. Minn. 1950), and cases cited therein.
The cases cited by plaintiff are distinguishable in that they involve circumstances likely to cause harm other than merely leaving a vehicle unlocked. In Barbanes v. Brown, supra, defendant parked his car on a hill. In his absence, *258 two small mischievous children, whom he had left in the front seat, meddled with the controls, causing the car to roll down the hill and strike the plaintiff. In Lomano v. Ideal Towel Supply Co., 25 N.J. Misc. 162 (Dist. Ct. 1947), a truck was parked in front of its owner's place of business, unattended, with the key in the ignition. The driver of the truck admitted that two ten-year-old boys entered the truck, started it up, causing the truck to go backwards and damage the plaintiff's car. He also admitted that there were other occasions prior to this incident when trucks of the defendant, parked in the immediate area of the defendant's premises, were tampered with by children while the trucks were left unattended. In Reti v. Vaniska, Inc., 8 N.J. Super. 275 (App. Div. 1950), the driver left a taxicab with the key in the ignition. While it was unattended, a drunken man drove it off and it collided with the plaintiff's car. The trial court granted a dismissal of defendant's motion when plaintiff offered to prove only the above facts in his opening to the jury. The Appellate Division reversed because of a misunderstanding on the part of plaintiff's counsel, but it clearly indicated that the facts stated did not by themselves make out a prima facie case.
We conclude that the trial judge was not in error in granting defendant Lyttle's motion for dismissal.
Judgment affirmed.