121 N.J. Super. 38 (1972)
295 A.2d 866
SYLVIA McCLAIN, PLAINTIFF-APPELLANT,
v.
EUGENE JONES AND ROBERT PONCZEK, BY HIS GUARDIAN AD LITEM EVELYN SHACK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1972.
Decided October 11, 1972.
*39 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Messrs. Brenner, New & Brenner, attorneys for appellant Sylvia McClain (Mr. Herbert New, of counsel and on the brief).
Messrs. Rooney, Peduto & Rooney, attorneys for respondent Eugene Jones (Mr. Gustave A. Peduto, of counsel and on the brief).
*40 Respondent Robert Ponczek, by his guardian ad litem Evelyn Shack, filed no brief.
The opinion of the court was delivered by LABRECQUE, P.J.A.D.
Plaintiff Sylvia McClain appeals from a judgment in favor of defendant Eugene Jones based upon an order granting summary judgment.
Plaintiff sued for injuries sustained when she was struck by an automobile owned by Jones and driven by defendant Robert Ponczek. Considered in the light most favorable to plaintiff the facts are that Jones had parked his 1959 Cadillac in a shopping center parking lot in Jersey City at about 5 P.M. while he transacted some business in one of the stores. Some time thereafter Ponczek, who was 14 years old, noticed the car door unlocked. When he entered the car he found that, while the key had been removed from the ignition lock, the lock itself was in such a position that he was able to turn it by means of a screwdriver and get the car started. After taking his girl friend for a ride he parked the car overnight near his home. In doing so he turned the ignition switch "all the way off," thus locking it.
When Ponczek sought to start the car the following morning he was unable to turn on the ignition through the use of the screwdriver. After a search with the aid of a flashlight he found a key under the front seat which fitted the ignition switch. He then started the motor and drove off with three companions. Later, in the afternoon, he drove the car onto the sidewalk, striking and severely injuring plaintiff.
The key was never produced. Immediately after the accident Ponczek told the police that he had left it in the ignition, but in his deposition he testified that he had taken it out of the ignition and did not recall what he had done with it.
In granting summary judgment the trial judge followed Saracco v. Lyttle, 11 N.J. Super. 254 (App. Div. 1951). *41 Plaintiff argues that that case has since been overruled, in part at least, by Zinck v. Whelan, 120 N.J. Super. 432 (App. Div. 1972), which mandates a reversal.
In Zinck c. Whelan defendant-owner's car was left parked with the key in the ignition switch. Early on the following morning Whelan, a 17-year-old, found the key in the ignition and appropriated the car. Two days later, while the car was being driven by Whelan some 50 miles from the scene of the theft, he collided head-on with the plaintiffs. In that case, after a review of the authorities, it was noted:
A study of the authorities cited above makes it evident that basically the key to duty, negligence and proximate cause in the fact-pattern under review is the foreseeability vel non to a reasonable man of an unreasonably enhanced hazard, when a motor vehicle is left unlocked in a public place with key in the ignition, of both the theft or misappropriation of the vehicle and an ensuing mishandling of it by the taker with death, injury or destruction of property of others lawfully using the highways as the result. If there is such foreseeability, then, on principle, particularly in the light of the minimal social utility of the causative conduct of the possessor of the car, a duty arises toward the members of the public using the highways, its breach is negligence, and the injury is the proximate result of the breach, or so a jury should be permitted to find in the generality of the cases. See, generally, Prosser, Torts (3d ed. 1964), 148, 149, 151, 173, 311 et seq.
It was also held:
Nothing stated hereinabove is intended to imply that a factfinder could not reasonably return a verdict for defendants in the present case or that the evidence in some comparable situations might not possibly justify even a judgment for defendant as a matter of law. Findings as to either negligence or proximate cause, whether by factfinder or by the court as a matter of law, must depend on the entire circumstantial spectrum revealed by the proofs in a particular case.
Whether considered from the standpoint of negligence or proximate cause, we are convinced that Zinck v. Whelan does not apply and that the grant of summary judgment was proper. Here the key was not left in the ignition switch *42 by the owner. At the most, he removed the key without making sure that the switch was in the locked position. Thus there was missing a prime essential to a finding of negligence on his part.
Even if it be assumed that failure to make certain that the ignition switch was in a fully locked position would afford a basis for a finding of negligence on the part of Jones, his neglect in this regard could hardly be found to be a proximate cause of the accident which occurred on the following day. In the interval Ponczek, whether designedly or not, had done what plaintiff contends Jones should have done  securely locked the ignition so that the car could not be started. Assuming, as we must, that Ponczek's testimony as to the later finding of the key is the true version, we are not prepared to hold that a finding of negligence may be predicated upon the use by a thief of a key which the owner had concealed in the vehicle which was stolen. Compare Consiglio v. Ahern, 5 Conn. Cir. 304, 251 A.2d 92 (Cir. Ct. App. Div. 1968).
The judgment of the Law Division is accordingly affirmed. No costs.
KOLOVSKY, J.A.D. (concurring).
I agree that we should affirm the order granting summary judgment to defendant Jones but do so only because, with all due deference to the views expressed by the members of the court who decided Zinck v. Whelan, 120 N.J. Super. 432 (App. Div. 1972), I do not agree with its holding and its ruling that Saracco v. Lyttle, 11 N.J. Super. 254 (App. Div. 1951), should be overruled. In my view the rule set forth in Saracco and the reasons given therefor are still valid.
I find no justification for changing the Saracco rule, particularly in a jurisdiction, such as New Jersey, which not only (1) does not make it a statutory offense to leave a key in the ignition  let alone providing as a penalty for so doing the imposition of liability for injuries caused by a thief who steals the car  but also (2) does not even impose *43 liability on an automobile owner for injuries caused by the negligence of a person who operates the auto with the owner's permission unless the operator was acting as the owner's agent or on the owner's business when the accident occurred (Harvey v. Craw, 110 N.J. Super. 68, 73 (App. Div. 1970), certif. den. 56 N.J. 479 (1970)), or unless the owner knew or ought reasonably to have known that the person in whose hands he had placed the auto was incompetent to operate it (Mead v. Wiley Methodist Episcopal Church, 4 N.J. 200, 206 (1950)) and (3) adheres to the rule that responsibility for an accident cannot attach to one unless his act or failure to act was a proximate cause of the injury.
If I were of the view that Zinck should be followed, then I would not agree that it was proper to grant summary judgment in the instant case. As I read Zinck, its rationale, which finds immaterial the absence of a regulation prohibiting the leaving of keys in the ignition, would require a holding in this case that it was for a jury to decide whether it was negligence for the owner to leave an ignition key in as obvious a hiding place as the area under the front seat. It may be noted that the statistics upon which Zinck relies,
* * * that of the over one million cars stolen nationally in 1966 24% were involved in accidents; that the accident rate for stolen cars is estimated to be approximately 200 times the normal accident rate; and that of the total cars stolen the key had been left in the car in 42.3% of the cases.
would afford no justification for not imposing liability in those cases in which the ability of the thief to steal the car results from the owner's conduct in leaving the key in an unattended car elsewhere than in the ignition.
Further, if Zinck were to be followed, the issue of proximate cause in this case, in which the accident occurred on the day following the theft as contrasted with the 2 1/2 days involved in Zinck, would also be for the jury.