cc: Court Clerk, Maple Shade Township
Police Department, Maple Shade Township

JERSEY CENTRAL POWER & LIGHT COMPANY, PLAINTIFF,
v. JOHN G. WEIGAND, DEFENDANT.

Superior Court of New Jersey
Law Division Ocean County

Decided January 20, 1989.

Dale E. Barney, for plaintiff (*Evans, Osborne & Kreizman* Attorneys at Law)

Read S. Howarth, for defendant (*Michael E. Carson*, Attorney at Law)

ROSALIE B. COOPER, J.S.C.

Pursuant to *R.* 4:49–2 plaintiff seeks reconsideration and confirmation of the original jury verdict. On defendant's motion this court entered judgment for defendant *n.o.v.*

In considering this application, the court is utilizing the standard for granting a judgment *n.o.v.* approved by the Supreme Court in the case of *Johnson v. Salem Corp.*, 97 *N.J.* 78, 92 (1984) that such determination must be premised upon a finding by the court that considering as true all of plaintiff's evidence and inferences derived therefrom, a jury could not find the defendant negligent.

The undisputed evidence is that defendant parked both of his vehicles immediately adjacent to his home on the garage apron. One vehicle was a "dump" truck; the other was an Eldorado Cadillac automobile. Both were parked facing the street to allow maximum mobility in view of a predicted snow storm.

In each vehicle defendant had secreted a spare key in a metal magnetized box. In the truck the box was behind the sun visor; in the car the box was located under the hood. Both vehicles were locked. However, defendant had not latched one of the visor windows of the truck. That was done to assure access to the vehicle in the event that the door locks, as had happened in the past, became frozen.

At approximately 1:00 A.M., after the snow storm was in progress, apparently a person or persons unknown, in an attempt to steal the truck, drove it out of the driveway and struck and damaged plaintiff's utility pole which was located directly across the street from defendant's driveway.

Plaintiff commenced this action against defendant for damage to the pole during the attempted theft. Plaintiff alleged that the truck owner was negligent in parking his locked truck where he did, with the side window unlatched.

Without explanation or legal citation of authority to support its position, plaintiff claimed that defendant had an increased duty in this negligence action because the theft was of the truck as opposed to defendant's car. In considering this assertion, it is the conclusion of this court, that given the choice, most people would opt for the Eldorado.

In support of its argument the plaintiffs relied heavily on the fact sensitive case of *Hill v. Yaskin*, 75 *N.J.* 139 (1977), which adopted and amplified the case of *Zinck v. Whelan*, 120 *N.J.Super.* 432 (App.Div.1972). In both of those cases the trial courts' granting of summary judgments was reversed on the basis of unresolved factual jury issues.

In seeking a judgment *n.o.v.*, in the case at bar defendant cited and relied upon the case of *McClain v. Jones*, 121 *N.J.Super.* 38 (App.Div.1972) wherein the trial court's granting of summary judgment was upheld.

In deciding whether material jury questions exist it is obvious that any factual distinctions with regard to precedent cases are of paramount importance. In that context each case should be thoroughly evaluated.

In the *Hill* case, the car was left in a *public parking lot, unlocked,* with the key either under the floor mat or behind the sun visor. The car was parked in a high crime area. Evidence was adduced that the car had been either stolen or vandalized on at least two prior occasions.

The car in the *Zinck* case was parked on a *public street, unlocked with the key in the ignition.* In both of these cases the court held that the action of defendants created the foreseeability of an "unreasonably enhanced hazard."

To the contrary, in *McClain, supra,* the *key was not left* in the ignition (it was under the floor mat). In addition to the car door being *unlocked,* the ignition was not completely locked, thereby permitting the car to be started by the use of a screwdriver. The car was parked in a *public shopping center.* By overruling the *Zinck* case in arriving at its decision in *Hill* and failing to mention *McClain,* it is the opinion of this court that the Supreme Court implicitly approved the decision of *McClain* along with the type of factual findings which must be made in a determination of the foreseeability of enhanced hazards.

Furthermore, it is interesting to note that the concurring opinion of Judge Kolovsky in *McClain* concerned the injustice of "victimizing the victim." He proposed that since the law in New Jersey fails to impose liability on a car owner who permits another to drive the vehicle unless the driver is acting as the owner's agent or on the owner's business when the accident occurred, it would be unjust to impute responsibility to an owner for an accident caused by a thief.

Plaintiff has conceded that had the key been secreted under the hood of the truck, there would have been no viable cause of action. It is the opinion of this court that the place in which the key is hidden represents a distinction without difference and would unduly penalize an owner, who hid the key in the "wrong" place.

Were the plaintiff's allegations and the uncontroverted facts sufficient to raise a jury question, it logically would permit an action against any owner, who secrets a car key in, on, or under a car, regardless of where it is parked, whether locked or unlocked, which is stolen and causes damages due to the negligent, reckless, etc., driving by the thief.

In the case under consideration the truck was *locked,* the keys were *secreted* and the car was *parked on private property.* There was no evidence that there were prior car thefts and/or vandalism in this quiet residential area.

Analyzing and considering all of these facts, this court finds that there is no material fact issue raised with regard to this defendant sufficient to permit a finding of negligence and/or proximate cause relating to the damage of plaintiff's utility pole.

Accordingly plaintiff's motion for reconsideration is denied.