598 A.2d 25

ANGELO NEGRI AND MARY NEGRI, PLAINTIFFS, v. FRED LIEBL, AMIRA MUHAMMAD AND KARRIEM B. MUHAMMAD, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

September 13, 1991.

*Robert Musto,* for plaintiffs.

*Brian P. Fleming,* for defendant Fred Liebl, (Maloof, Lebow-itz, and Bubb, Attorneys).

ALLEY, J.S.C.

On February 28, 1987, an automobile owned by defendant Fred Liebl was stolen from where he had parked it in Union while attending church. Mr. Liebl immediately contacted the Union Police Department and reported the theft.

On March 1, 1987, the car was involved in an accident in Livingston. It was not being driven by Mr. Liebl or under his control at the time. As a result of the accident, plaintiffs Angelo and Mary Negri filed a complaint against various parties, including Mr. Liebl, alleging that their injuries were caused by the combined negligence of the defendants.

Mr. Liebl has moved for summary judgment dismissing the complaint against him, asserting that he neither owed nor breached a duty of care to the plaintiffs. Under *R.* 4:46–2 a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

Defendant Liebl's affidavit affirms that he parked and locked his vehicle, and that the keys were in his possession at the time of the theft. Plaintiffs offer no competent or relevant evidence to contradict this, and their assertions are unaccompanied by any supporting affidavit. Mr. Liebl asserts that it was unforeseeable that his car would be stolen and then would be involved in an accident with plaintiffs' vehicle, and that defendant owed no duty of care to plaintiffs.

This is not a case where the automobile was left in a high crime area, unlocked and with the key readily accessible to thieves under the sun visor, or under the front seat. See, *Hill v. Yaskin,* 75 *N.J.* 139, 380 *A.*2d 1107 (1977). The Supreme Court there determined that a jury question existed as to the foreseeability of the vehicle being stolen and subsequently mishandled. *Id.* at 148, 380 *A.*2d 1107. Nor is this a case where the vehicle was left in a shopping center with a broken ignition lock, as in *McClain v. Jones,* 121 *N.J.Super.* 38, 295 *A.*2d 866 (App.Div.1972). The court there noted that even though the defendant failed to lock the ignition switch, this neglect "could hardly be found to be a proximate cause of the accident which occurred the following day." *Id.* at 42, 295 *A.*2d 866.

In *Jersey Central Power and Light Co. v. Weigland,* 234 *N.J.Super.* 514, 560 *A.*2d 1346 (Law Div.1989), the vehicle was locked and in the owner's driveway with the key inside. On a motion under *R.* 4:49–2 in which the court employed the standard for deciding a judgment *n.o.v.,* the court refused to hold the owner negligent for damage done to a utility pole. "There is no material fact issue raised with regard to this defendant sufficient to permit a finding of negligence and/or proximate cause relating to the damage of plaintiff's utility pole." *Id.* at 518, 560 *A.*2d 1346.

The accident in this case occurred the day after the theft, as was the case in *McClain.* Nothing in the record indicates that there is a causal link between the theft and the accident the

next day.  The court in *Jersey Central* took note of Judge Kolovsky's concurring opinion in *McClain,* that "since the law in New Jersey fails to impose liability on a car owner who permits another to drive the vehicle unless the driver is acting as the owner's agent ... it would be unjust to impute responsibility to an owner for an accident caused by a thief." *Jersey Central,* 234 *N.J.Super.* at 517, 560 *A.*2d 1346, referring to this as "victimizing the victim." *Id.*

There is nothing to suggest that defendant Liebl was in any way negligent or breached any duty to plaintiffs.  He merely attended church after locking his car and keeping the keys.  To hold otherwise, in the language of the *Jersey Central* opinion, would be "victimizing the victim."

Accordingly, Liebl's motion for summary judgment is granted.